UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATIONS INC, | ) ) ) ) | CASE NO:   1:09-CV-00119 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CLUB CAR, INC., | ) ) | |
| Defendant | ) ) ) | |

**CLUB CAR'S BRIEF IN SUPPORT OF ITS MOTION TO STAY LITIGATION
PENDING REEXAMINATION OF THE PATENT-IN-SUIT**

Defendant Club Car, Inc. ("Club Car") has requested that the U.S. Patent & Trademark Office ("PTO") conduct an *inter partes* reexamination of U.S. Patent No. 7,332,881, the same patent Plaintiffs E-Z-GO and Textron Innovations, Inc. (collectively "Textron") assert in this case. In the likely event that the PTO accepts the request and conducts a reexamination (something that happens in 95% of reexamination requests), the PTO will examine the validity of the patent, and very possibly alter the scope of, or even invalidate, the patent claims-at-issue in this lawsuit. Club Car, therefore, respectfully requests that the Court stay this patent infringement case in light of the PTO's impending action.

**I.      BACKGROUND**

This patent infringement action was filed by Textron on October 1, 2009, alleging infringement of U.S. Patent No. 7,332,881 ("the '881 Patent" or the "patent-in-suit"). On November 2, 2009, the patent infringement action was served on Club Car. On November 19, 2009, Club Car and Textron filed a joint motion requesting an extension of Club Car's deadline

to respond to December 7, 2009 to allow time for the parties to meet to discuss the lawsuit.  A meeting between the parties was held on December 1, 2009, without resolution of the issues in dispute.  Club Car's Answer and Counterclaim for invalidity of the '881 Patent were filed along with this Motion.

On December 7, 2009, Club Car filed a request for reexamination (hereafter, the "Club Car Request") asking that the PTO reexamine and cancel all asserted claims of the patent-in-suit.  *See* Declaration of Thomas S. Reynolds II in Support of Defendant's Motion to Stay (hereafter, "Reynolds Decl."), Ex. A (Club Car Request and PTO proof of filing).  Club Car has requested an *inter partes* reexamination of the patent-in-suit pursuant to 35 U.S.C. § 311.  In the Club Car Request, Club Car submitted eight prior art references that, as detailed in the Request, seriously undermine Textron's position regarding the validity and enforceability of the patent-in-suit.

The PTO will decide whether to declare a reexamination shortly.  By statute, the PTO is required to grant or deny all *inter partes* reexamination requests within three months of their filing.  35 U.S.C. § 312.  Significantly, an overwhelming percentage of reexamination requests are granted.  The PTO's own recent statistics show that from 1999 (the advent of *inter partes* reexamination) to September 30, 2009, the PTO granted 95% of the total requests for *inter partes* reexamination.  *See* Reynolds Decl., Ex. B (<u>*Inter partes*</u> Reexamination Filing Data, dated September 30, 2009).  Reexaminations typically lead to the cancellation or amendment of a majority of patent claims:  54% of *inter partes* reexamination certificates issued have resulted in all claims of the reexamined patent being cancelled or disclaimed, while 40% of the certificates issued resulted in the claims of the reexamined patent being changed.  *Id.*  In other words, in 94% of *inter partes* reexamination cases, the patent claims-at-issue were substantially changed or eliminated.

**II.     APPLICABLE LAW**

The statute governing *inter partes* reexamination provides:

> Any third-party requester at any time may file a request for inter partes reexamination by the [PTO] of a patent on the basis of any prior art cited under the provisions of section 301. The request shall be in writing, include the identity of the real party in interest ... and set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. The Director promptly shall send a copy of the request to the owner of record of the patent.

35 U.S.C. § 311. "One purpose of the reexamination procedure is to eliminate trial of [patent claim validity] (when the claim is canceled [by the PTO]) or to facilitate trial of [claim validity] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983), *cert. denied,* 464 U.S. 935 (1983).   Reexamination procedures are intended to "settle [patent] validity disputes more quickly and less expensively than the often protracted litigation," and "allow courts to refer patent validity questions to the expertise of the Patent Office." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).

As this Court has recognized, a court's inherent power to control its own docket, includes the power to stay proceedings pending the outcome of reexamination proceedings before the PTO.  *YKK Corp. of America, Inc., v. Silver Line Building Prods. Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007) (Order staying all proceedings pending PTO reexamination) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  In deciding whether to stay litigation pending reexamination, courts, including this Court, have considered:  (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to either party.  *YKK Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007)

(Order staying all proceedings pending PTO reexamination) (citing *Telemac v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006)).

### III. ARGUMENT

#### A. A stay is favorable at this early stage in the litigation.

The first factor, whether discovery is complete and whether a trial date has been set, weighs strongly in favor of granting the instant Motion to Stay. No discovery has taken place and there has not even been a scheduling conference setting forth a discovery or claim construction schedule, much less a trial date. This Court granted a stay in similar circumstances in *YKK Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007). Although the *YKK* lawsuit was further along than the instant case, this Court nonetheless stayed the *YKK* litigation because the case was in "its nascent stages; discovery ha[d] not even begun." *Id*. The instant case is in an even earlier stage than *YKK* was when that litigation was stayed.

#### B. A stay is warranted because reexamination will dispose of the case or simplify the issues.

This Court recently noted the benefits to both the Court and the parties of staying litigation pending a PTO reexamination:

> 1. If the PTO cancels any of the asserted claims, "the issues of infringement and invalidity [ ] before the Court will be simplified if not eliminated altogether."
>
> 2. The Court's resolution of issues remaining after the reexamination "will be facilitated by the expert view of the PTO."
>
> 3. The Court will have the benefit of the PTO's expertise in considering "prior art that was not before it during its original patent examination."
>
> 4. The risk that "if the Court were to proceed to trial and conclude the [ ] patent is valid, this conclusion would not bind the PTO."

> 5.  "If the PTO were to reach a conclusion contrary to that reached by this Court, the result would be a tremendous waste of time and resources for all those involved."

*YKK Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007) (Order staying all proceedings pending PTO reexamination) (internal citations and quotations omitted).  All of those advantages are similarly applicable in the instant case; and all weigh in favor of granting a stay.

In particular, reexamination in the PTO is likely to amend or even invalidate some or all patent claims, thereby disposing of this case partially or in its entirety.  As noted above, historically the PTO has eliminated, amended or otherwise limited the claims in over 94% of *inter partes* reexaminations.  Reynolds Decl., Ex B.  In 54% of *inter partes* reexaminations, *all* reexamined claims are cancelled or withdrawn.  *Id.*  In such a case, any related litigation may be dismissed entirely.  In circumstances where the claims are limited, but not entirely eliminated, staying the suit nonetheless benefits the Court and parties should the case proceed after reexamination.  The Federal Circuit has noted that "[o]ne purpose of the reexamination procedure is to facilitate trial of [claim validity] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould*, 705 F.2d at 1342.  Eliminating issues saves the Court's time and resources.

Even if we knew now that the PTO would find *all* of the claims of the '881 Patent valid, in their current form (something that occurs in only 6% of reexaminations) a stay would still be warranted as Club Car's Request seeks an *inter partes* reexamination and that has estoppel ramifications that would simplify the issues in this litigation. *See* 35 U.S.C. § 315(c) ("A third-party requester whose request for an inter partes reexamination results in an order under section 313 is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, the invalidity of any claim finally determined to be valid and patentable

on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings.").

### C. A stay now will not significantly prejudice or create a clear tactical disadvantage to Textron.

Textron will not be prejudiced or suffer a clear tactical disadvantage from a stay pending a PTO reexamination. Club Car has not unreasonably delayed in filing this Motion. Reexamination was sought from the PTO on December 7, 2009 and Club Car promptly filed this Motion to Stay on the same date. Club Car's Request was made prior to answering the Complaint, and certainly before any discovery has taken place or before the claims of the '881 Patent have been construed. Under the circumstances, it cannot be said that Club Car has exhibited any dilatory motive in filing the Request with the PTO.

Indeed, Textron, like the Court, stands to *benefit* from the simplification of issues, savings of time and money, and clarification of rights afforded by reexamination and a concurrent stay of this litigation. Should this suit go forward with claims modified by the PTO, a stay will save Textron the burden of having to relitigate a substantial portion of its case under the patent-in-suit, as modified. As this Court has noted, "a stay neither prejudice[s] the parties nor give[s] one side an unfair advantage. Rather, staying the litigation during the pendency of the PTO reexamination will be of benefit to both the Court and the parties." *YKK Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007).

### D. To conserve judicial resources and save expenses, a stay should be issued now.

Finally, a stay granted before the PTO accepts reexamination is not premature; it is within the Court's discretion to grant a stay now. *See Constellation IP, LLC v. The Allstate Corp.*, No. 5:07-CV-132, 2008 WL 4787625, at *4 (E.D. Tex. May 12, 2008) (granting a stay before a PTO decision on whether to reexamine); *see also Pactool Int'l Ltd. v. DeWalt Indus.*

*Tool Co.*, No. C06-5367BHS, 2008 WL 312677, *2 (W.D. Wash. Feb. 1, 2008) (same); *YKK Corp.*, No. CV 305-155 (S.D. Ga. May 14, 2007) (Order staying all proceedings pending PTO reexamination) (same); *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-CV-126, 2007 WL 772891, at *5 (W.D. Mich. Mar. 12, 2007) (same). As mentioned above, by statute, the PTO is required to grant or deny Club Car's Reexamination Request within the next three months. Granting a stay now will save three months of potentially wasted discovery and other costs to the parties, and will conserve judicial resources. The PTO has until March 7, 2010 to rule on the Club Car Request and is likely to grant the Request for reexamination. *See* Reynolds Decl., Ex. B (95% of requests for *inter partes* reexamination requests granted). In the unlikely event that Club Car's Request is denied, this litigation can resume immediately, with minimal effect to the litigation schedule.

## IV.     CONCLUSION

For the foregoing reasons, Club Car asks that the Court stay the litigation pending the outcome of reexamination proceedings in the PTO.

Dated this 7th day of December, 2009.

**TUCKER, EVERITT, LONG, BREWTON & LANIER**

By: S/ A. Montague Miller
GA Bar No. 506100
453 Greene Street
P. O. Box 2426
Augusta, GA 30903-2426
Phone: 706-722-0771
Facsimile: 706-722-7028
Email: mmiller@thefirm453.com

And

**MICHAEL BEST & FRIEDRICH LLP**
Thomas S. Reynolds II
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI  53202-4108
Phone:  414.271.6560
Email: tsreynolds@michaelbest.com

Attorneys for Defendant  CLUB CAR, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael N. Loebl
Sonja R. Tate
FULCHER HAGLER LLP
One 10th Street, Suite 700
Augusta, Georgia 30901
(706) 724-0171

And

Robert M. Isackson
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Plaintiffs
E-Z-GO (adivision of Textron Inc.) and
TEXTRON INNOVATIONS INC.

          By: S/ A. Montague Miller
              GA Bar No. 506100
              453 Greene Street
              P. O. Box 2426
              Augusta, GA 30903-2426
              Phone: 706-722-0771
              Facsimile: 706-722-7028
              Email: mmiller@thefirm453.com