IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLUB CAR, INC., <br><br> Defendant | No. 1:09-CV-00119-JRH-WLB <br><br> **JURY TRIAL DEMANDED** |

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION

Plaintiffs E-Z-GO (a division of Textron Inc.) and Textron Innovations Inc. (collectively, "E-Z-GO") brought this action against defendant Club Car, Inc. ("Club Car") to stop it from infringing the patent-in-suit, U.S. Patent No. 7,332,881 (the "'881 patent"). Club Car is now attempting to foreclose E-Z-GO's ability to protect its rights and obtain relief by moving to stay this action until after the U.S. Patent and Trademark Office ("PTO") has concluded an *inter partes* reexamination of the '881 patent. That motion should be denied.

First, the PTO has neither decided on nor granted Club Car's request to institute such reexamination proceedings. This alone renders Club Car's motion fatally premature.

Second, the statistics Club Car proffers establish that if the PTO does grant reexamination, those *inter partes* proceedings could take **over 6 years** to complete! Club Car's moving papers fail, however, to establish why this court should grant such extraordinary preliminary relief and stay this action, allowing Club Car to continue selling its infringing products and expanding its market share in A/C drive vehicles, until the reexamination proceedings conclude. Because this court need not defer to the PTO, and because Club Car, the accused infringer here, has failed to carry its burden to establish an entitlement to such

OHS West:260799215.4

extraordinary preliminary relief, the motion should be denied.

Third, Club Car has failed to establish the hardship it will suffer in the absence of a stay, and ignores the clear prejudice that E-Z-GO will suffer if a stay is granted. For this independent reason, the stay motion should be denied.

For these reasons, as set forth below in greater detail, Club Car's motion for a stay should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff E-Z-GO and defendant Club Car are the two largest competitors in the golf car and utility vehicle industry. Perhaps one of the most important milestones in the industry in recent years is E-Z-GO's development and introduction of A/C drive electric motor vehicles.[1] E-Z-GO has lead the industry in technological innovation, and its A/C drive electric vehicles, which are measurably more energy efficient, are protected by the '881 patent. Earlier this year, Club Car began selling an A/C drive electric low speed vehicle, which practices inventions claimed in the '881 patent.

Soon after E-Z-GO became aware of this fact, on June 12, 2009, it sent a cease and desist letter to Club Car, followed by a detailed infringement analysis. See Declaration of Robert M. Isackson dated December 23, 2009 ("Isackson Decl."), Exs. 2-3. In a response letter sent June 29, 2009, Club Car argued that the '881 patent is invalid and cited "a few exemplary pieces of prior art" which supposedly represent only "a small sampling of [allegedly invalidating] prior art."[2] See id., Ex. 4. Over the next few months, Club Car refused numerous requests by E-Z-GO for a meeting to discuss the issues of infringement and validity, instead seeking multiple extensions of time, apparently to forestall E-Z-GO from initiating litigation while Club Car

---

[1] The vehicles in the golf car and utility vehicle industry were previously powered by D/C electric drives. A/C electric drives offer many advantages over D/C drives, including improved safety and markedly better energy efficiency.

[2] This prior art is, at best, cumulative to other references considered by the Examiner during prosecution. In fact, one of the three prior art patents provided by Club Car was specifically considered by the Examiner during prosecution.

OHS West:260799215.4                                          -2-

drafted its request for reexamination. See id. ¶ 7. Repeatedly rebuffed in its effort to even to meet, E-Z-GO filed its Complaint on October 1, 2009 and continued to request a meeting with Club Car. See id. at ¶¶ 7-8. When that effort failed, E-Z-GO served Club Car with the Complaint on November 2, 2009. See Docket No. 5. On November 12, 2009, Club Car informed E-Z-GO that it had prepared its Request For Reexamination which was ready for filing and that it was now willing to meet with E-Z-GO and share the Request For Reexamination *if* E-Z-GO would agree to extend the time to respond to the Complaint. See Isackson Decl., ¶ 8, Ex. 5. E-Z-GO agreed, but the parties were not able to reach any resolution at the meeting. Id. at ¶ 9. On December 7, 2009, Club Car filed its Answer and Counterclaim, submitted its Request for Reexamination to the PTO and filed the instant Motion to Stay, all on the same day.

**II.     ARGUMENT**

It is clear that Club Car's impetuous motion for a stay of this action is motivated by strategm – to deprive E-Z-GO of any viable means to prevent Club Car from using the '881 patented technology to commandeer the A/C drive low speed vehicle product segment while the stay is in place. As discussed in detail below, a stay of this action would be improper.

**A.     Club Car's Motion To Stay Is Premature Because the PTO Has Not Yet Decided Whether to Grant Reexamination Of The '881 Patent.**

Club Car submitted its request for reexamination of the '881 patent on December 7, 2009, the same day it filed the instant Motion to Stay. See Declaration of Thomas S. Reynolds II dated December 7, 2009 ("Reynolds Decl."), ¶ 3, Ex. A. By statute, the PTO need not rule on whether a reexamination is warranted until March 7, 2009. 35 U.S.C. § 312.[3] Further, the Patent Act explicitly states that a stay of pending litigation may only be obtained "[o]nce an order for *inter partes* reexamination *has been issued*…." 35 U.S.C. § 318 (emphasis added). A motion to stay made prior to a decision by the PTO to grant the request for reexamination is premature and

---

[3] 35 U.S.C. § 312 provides that a determination of whether to grant a request for reexamination must occur "[n]ot later than 3 months after the filing of a request for reexamination".

improper. Indeed, district courts deny motions to stay on this basis alone. See, e.g., Heinz Kettler GMBH & Co. v. Indian Indus., Inc., 592 F. Supp. 2d 880, 882 (E.D. Va. 2009) ("The plain language of 35 U.S.C. § 318 renders [defendant's] motion premature."); accord Borgwarner, Inc. v. Honeywell Int'l, Inc., No. 1:07cv184, 2008 WL 818934, at *1 (W.D.N.C. Mar. 24, 2008); Applied Materials, Inc. v. Negevtech, Inc., No. C 04-03656 SI, 2005 WL 1656894, at *2 (N.D. Cal. July 14, 2005); Horton, Inc. v. Kit Masters, Inc., Nos. 08-CV-6291 (PJS/RLE) & 09-CV-0912 (PJS/RLE), 2009 WL 1606472, at *1 (D. Minn. June 5, 2009); Tokuyama Corp. v. Vision Dynamics, No. C 08-2781 SBA, 2008 WL 4532565, at *1 (N.D. Cal. Oct. 9, 2008). Because the PTO has yet to decide whether to conduct a reexamination of the '881 patent – and may not do so for another three months – Club Car's Motion to Stay is premature and must therefore be denied.

> **B.     Even If The Motion Were Not Premature, A Stay Is Unwarranted and Should Not Be Granted.**

The Federal Circuit Court of Appeals has instructed that trial courts are "not required to stay judicial resolution in view of the reexaminations." Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) (citations omitted); accord Esco Corp. v. Berkeley Forge & Tool, Inc., No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) ("A court is under no obligation to delay its own proceedings by yielding to… PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." (citing NTP, Inc. v. Research in Motion, Ltd., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005)). Indeed, as the Federal Circuit has cautioned, "[t]he grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met… does not establish a likelihood of patent invalidity." Hoechst Celanese Corp. v. BP Chems. Ltd., 78 F.3d 1575, 1584 (Fed. Cir. 1996) (citation omitted). Hence, Club Car's reliance on 95% of reexaminations being granted is of little, if any, weight in these considerations.

Rather, to determine the appropriateness of a stay ***during the pendency*** of a PTO reexamination—a predicate fact missing here as noted supra – courts typically consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  See, e.g., Esco Corp., 2009 WL 3078463, at *2 (citations omitted); ESN, LLC v. Cisco Sys., Inc., No. 5:08-CV-20, 2008 WL 6722763, at *2 (E.D. Tex. Nov. 20, 2008) (citation omitted); YKK Corp. of Am., Inc. v. Silver Line Building Prods. Corp., CV 305-155 , at 16 (S.D. Ga. May 14, 2007) (unpublished) (citations omitted).  In balancing these factors, a district court should pay "special heed to the concerns of the patentee…." Fresenius USA, Inc. v. Baxter Int'l Inc., 582 F.3d 1288, 1305 n. 1 (Fed. Cir. 2009) (Newman, J., concurring).  As discussed below, the balance of these factors in the instant case weighs against a stay of the litigation.  "[L]itigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent – they may be concurrent proceedings."  Nidec Corp. v. LG Innotek Co., Ltd., No. 6:07cv108, 2009 WL 3673433, at *2 (E.D. Tex. Apr. 3, 2009) (citing Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988).  Consideration of these factors (below, in reverse order) leaves little doubt that Club Car's Motion to Stay should be denied.

1. **The Lengthy Delay Pending Reexamination Will Unduly Prejudice E-Z-GO.**

Club Car seeks a stay of this litigation until the completion of the *inter partes* reexamination which it has requested (but which has not yet been granted).  The average length of *inter partes* reexamination, if granted, is over **3.5 years** – and over **6.5 years** if the decision is appealed![4]  See

---

[4] Because the '881 patent is in the electrical field, which represents a disproportionate share of patents reexamined *inter partes*, a reexamination of the '881 patent would likely take even longer than the already high averages.  See Network Appliance Inc. v. Sun Microsystems Inc., No. C-07-06053 EDL, 2008 WL 4821318, at *2 (N.D. Cal. Nov. 3, 2008) (citation omitted).  Further, as the Federal Circuit has recently noted, "the number of reexamination requests is

OHS West:260799215.4                               -5-

BarTex Research, LLC v. FedEx Corp., 611 F. Supp. 2d 647, 651 (E.D. Tex. 2009) (citing Inst. for Progress, Reexamining *Inter partes* Reexam (2008)); ESN, 2008 WL 6722763, at *3 (same).[5]  Significantly, this action could be tried and determined with finality within a year[6], and appealed – all well before any reexamination of the '881 patent (if granted) is complete. See Local Rule 26.1(d); Docket No. 3, Rule 26 Instruction Order (providing 140 day discovery period).  Indeed, given this district's expeditious discovery rules, most of the discovery in this case could be completed before the PTO even issues an order granting or denying reexamination proceedings. A stay of the litigation for 3-6 years will undoubtedly and unfairly prejudice E-Z-GO.  See ESN, 2008 WL 6722763, at *3 ("Staying this case for six-plus years when this Court can resolve the matter more expeditiously is unfairly prejudicial to [the plaintiff]."); Biax Corp. v. Fujitsu Computer Sys. Corp., No. 2:06-CV-364 (TJW), 2007 WL 614187, at *2 (E.D. Tex. Feb. 26, 2007) (denying stay because "the potential delay for an indefinite period would likely prejudice [the plaintiff]" (citations omitted)); Robbins v. H.H. Brown Shoe Co., Inc., No. 08 Civ. 6885 (WHP), 2009 WL 2170174, at *1 (S.D.N.Y. June 30, 2009)(same); Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc., No. 08 C 2389, 2008 WL 4395854, at *5

---

increasing, as is the time for completion of reexamination and appeal in the PTO, as well as the right of judicial review." Fresenius, 582 F.3d at 1305 n. 1 (Newman, J., concurring)).

[5] See Ex. 1 to Isackson Decl, Inst. for Progress, Reexamining *Inter partes* Reexam, at 5 (emphasis added).

> Based on our calculations, it takes more than 3 1/2 years (43.5 months) for the average case to proceed through the basic reexam process to a final conclusion – this assumes that the case is not appealed to the BPAI or beyond.
> * * *
> [Assuming that the case is appealed to the BPAI] . . . the average pendency (assuming no "rework" by the patent office and no secondary appeals to the BPAI, the Federal Circuit, or the Supreme Court) is 78.4 months – slightly longer than 6.5 years. **A 95% confidence interval suggests an average pendency for appealed cases (again, assuming no rework) is between 5 and 8 years (60-97 months)!**

[6] A judgment in this litigation would be final regardless of the stage of the PTO reexamination proceedings.  35 U.S.C. § 317(b)("Once a final decision has been entered against a party in a civil action… that the party has not sustained its burden of proving the invalidity of any patent claim in suit… an *inter partes* reexamination requested by that party… on the basis of such issues may not thereafter be maintained by the Office…."); see also Fresenius, 582 F.3d at 1305 n. 1 (Fed. Cir. 2009) (Newman, J., concurring).

(N.D. Ill. Sept. 25, 2008) (same); Lexington Lasaercomb I.P.A.G. v. GMR Prods, Inc., 442 F. Supp. 2d 1277, 1278 (S.D. Fla. 2006) (same).  Because of the undue prejudice E-Z-GO would suffer, the motion to stay should be denied.

> **a.  A Stay Of This Action Would Permit Club Car, A Direct Competitor, To Preempt A Highly Competitive Market Segment By Selling Infringing Products.**

The courts have recognized that where, as here, "the parties are direct competitors, a stay would likely prejudice the non-movant." Nidec, 2009 WL 3673433, at *4 (denying motion to stay (citations omitted)); see also O2 Micro Int'l v. Beyond Innovation Tech. Co., C.A. No. 2:04-cv-32 (TJW), 2008 WL 4809093, at *2 (E.D. Tex. Oct. 29, 2008) (denying motion to stay because where "[t]he parties are direct competitors... a denial of timely enforcement of the plaintiff's patent rights does indeed unduly prejudice the plaintiff," by delay in obtaining an injunction); Tesco Corp. v. Weatherford, Int'l, Inc., 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) (same).  Indeed, "should Defendants be found to infringe the asserted patent[] in [the] litigation, a stay will not only compound Plaintiff[s'] damages during the course of the stay, but it could also cause Plaintiff[s] irreparable injury that is not remediable by money damages." Nidec, 2009 WL 3673433 at *4 (citing Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1327-28 (Fed. Cir. 2008)).[7]

In the instant action, not only are E-Z-GO and Club Car direct competitors, they are the two main competitors in the golf car and utility vehicle industry.  A stay of the litigation will allow Club Car to sell competing products that infringe the '881 patent for at least 3-6 years

---

[7] Club Car's reliance on YKK, CV 305-155 (S.D. Ga. May 14, 2007), to support an absence of prejudice is misplaced as it is both unpublished and readily distinguishable.  In YKK, the plaintiff was the accused infringer who had filed a declaratory judgment action alleging that the defendant's patent was invalid.  Unlike this case, the defendant patentee subsequently sought *ex parte* reexamination of its own patent, which was granted. Id. at 3.  Unlike *inter partes* reexamination, the *ex parte* reexamination process only "lasts from one to two years, unless there is an appeal, in which case the process typically lasts an additional one to two years." Id. at 3.  This is in stark contrast to the estimated 6+ years that it could take to complete any *inter partes* reexamination of the '881 patent.  Moreover, the YKK Court was not fully presented with issues of delay and prejudice because the motion before it was a motion to dismiss; the stay was issued *sua sponte*. Id. at 17.

(in addition to the time it takes to conduct the litigation after the stay is lifted), with no remedy available to E-Z-GO.  By contrast, if the litigation is not stayed, the final resolution of this case may be had within a year, and E-Z-GO can obtain seek a permanent injunction preventing further harm.  Moreover, Club Car has started selling its A/C drive infringing products in the low-speed vehicle product segment – a segment in which E-Z-GO will launch A/C drive products in the next year.[8]  If E-Z-GO is prevented from getting injunctive relief due to a 3-6 year stay of the litigation, it will suffer irreparable harm to its reputation and good will, as Club Car will have usurped this product segment market and irreparably damaged E-Z-GO's reputation as an industry leader in technical innovation.

"The moving party 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else.'" Ariba, Inc. v. Emptoris, Inc., 9:07-CV-90, 2007 WL 3132606, at *1 (E.D. Tex. Oct. 23, 2007) (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).  Club Car has failed to do so.  The motion to stay should be denied.

        **b.**      **Club Car's Motion To Stay Is A Clear Dilatory Tactic.**

Despite being on notice for many months of E-Z-GO's intention to pursue litigation, Club Car did not file a request for reexamination until the very day it moved for a stay of the action.  The instant motion is merely a tactic to delay E-Z-GO's ability to prevent Club Car from selling its infringing A/C drive product and gaining an unfair advantage in this very competitive market.  As the courts have recognized, "[t]he potential for use of the reexamination process as a dilatory tactic must be considered." BarTex Research, 611 F. Supp. 2d at 652 ("[T]his Court is hesitant to elevate this process – one that could take years – into a requisite procedure before a lawsuit may move forward." (citations omitted)); see also Fresenius,

---

[8] Prior to Club Car's sale of A/C electrical drive low speed vehicles, the vehicles in this product segment all were lower efficiency D/C electrical drive.

582 F.3d at 1305 n.1 ("[I]f routinely available to delay the judicial resolution of disputes, the [reexamination] procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity." (Newman, J., concurring)).

Club Car was first put on notice of its infringement on or about June 12, 2009.  See Ex. 2 to Isackson Decl.  Within just two weeks, Club Car asserted that the '881 patent was invalid based on prior art references.  See id., Ex. 4.  Unable to reach a resolution of the matter, E-Z-GO filed this case on October 1, 2009 and served Club Car on November 2, 2009.  Club Car requested, and E-Z-GO agreed, to extend the time in which to respond to the Complaint to December 7, 2009.  See id., ¶ 8, Ex. 5.  On December 7, 2009, Club Car filed its Answer and Counterclaims, a request for reexamination, and the instant motion.

Club Car could have filed its request for reexamination in June 2009, when Club Car first asserted the '881 patent was invalid due to prior art.  Instead, Club Car waited almost 6 months after it was put on notice of its infringement and 2 months after this case was filed to seek reexamination.  See Esco, 2009 WL 3078463, at *4 (noting in denying the motion to stay that "[defendant] made no effort to seek reexamination of the patents-in-suit until it became apparent that Plaintiff was unwilling to license its patents and that litigation was inevitable"); Nidec, 2009 WL 3673433, at *7 ("Defendants could have requested a reexamination of the asserted patents… when Plaintiff first notified [it] of the asserted infringement," or "when this case was filed….").  Club Car instead has demanded the most lengthy reexamination procedure – *inter partes* – which could take over 6 years to resolve.  Club Car's race to seek an immediate stay of the litigation, despite the fact that it is premature as no reexamination has been granted, further evidences Club Car's use of the reexamination procedure and motion to stay as a dilatory tactic to gain procedural and competitive advantages.  As the Esco court warned: "[t]here is no *per se* rule that patent cases should be stayed pending reexaminations, because such

a rule 'would invite parties to unilaterally derail'" timely patent case resolutions and promote inefficient delays. Esco Corp., 2009 WL 3078463 at *2 (quoting Soverain Software LLC v. Amazon.com, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).  This Court should not condone Club Car's gamesmanship.

### c. A Stay Will Prejudice E-Z-GO Because Witnesses and Crucial Evidence Will Be Lost.

As numerous courts have noted, a lengthy stay such as the one sought here also will result in prejudice as witnesses in this case are likely to become unavailable, memories necessarily will have faded, and crucial evidence could be lost.  See, e.g., ESN, 2008 WL 6722763, at *3; BarTex Research, 611 F. Supp. 2d at 651-52; Fujitsu Ltd. v. Nanya Tech. Corp., No. C 06-6613 CW, 2007 WL 3314623, at *3 (N.D. Cal. Nov. 6, 2007); Sorensen v. AmPro Tools Corp., No. C 08-00096 CW, 2009 WL 605831, at *2 (N.D. Cal. Mar. 9, 2009) ("The Court agrees," that "the length of time required for the reexamination is unknown," and the "delay will only increase the likelihood of loss of evidence.").  "It is axiomatic that the greater the delay, the greater the risk of prejudice." Esco, 2009 WL 3078463, at *3 n. 3 (citation omitted).  The potential for irreparable harm and the loss of witnesses and evidence is thus much greater and more real in this case than in YKK.  See supra note 7.  In addition to natural attrition, both E-Z-GO and Club Car have experienced significant downsizing in the recent months, creating an even higher risk of loss of crucial evidence resulting from a stay. Further, information and documents obtained through discovery in the litigation, and not otherwise obtainable through reexamination proceedings may prove invaluable in rebutting Club Car's challenges to the validity of the '881 patent.  "[S]econdary considerations of non-obviousness [including] commercial success, long felt but unsolved need, failure of others, and acquiescence of others in the industry that the patent is valid, and unexpected results," "may often be the most probative and cogent evidence in the record'"  See Finjan Software, Ltd. v. Secure

Computing Corp., No. 06-369 (GMS), 2009 WL 2524495, at *3 n. 9, *4 (D. Del. Aug. 18, 2009) (citations omitted).

### 2. A Stay Will Not Simplify The Issues.

The potential for simplification of the issues does not justify a stay of this litigation. Club Car relies solely on statistics showing that a majority of the reexamination decisions amend or cancel challenged claims. However, in order for Club Car to demonstrate "that a stay will actually simplify a case, [it] must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments." ROY-G-BIV Corp. v. FANUC Ltd., No. 2:07-CV-418 (DF), 2009 WL 1080854, at *2 (E.D. Tex. Apr. 14, 2009); Robbins, 2009 WL 2170174, at *2 ("While Defendants argue that more than 70% of patents have their claims amended in the reexamination process, this is insufficient to warrant a stay."). Indeed, Club Car's argument ignores salient factors which weigh against granting a stay.

It is entirely speculative at this point whether any of the challenged claims will be found invalid by the PTO.[9] Further, "the reexamination process may actually complicate a case by creating additional prosecution history estoppel and disavowal arguments that must be addressed during claim construction." ROY-G-BIV, 2009 WL 1080854, at *2. And unless the PTO grants Club Car's reexamination *and* invalidates claims 32-38, significant issues will remain after the reexamination, such as: i) infringement; ii) Club Car's other affirmative defenses; iii) invalidity based on any "new" prior art or legal theories Club Car may choose to assert in the litigation but not in reexamination, and iv) damages.[10]  Compare Reynolds Decl.,

---

[9] It is worth noting that the '881 patent issued on February 19, 2008, after the Supreme Court's ruling in KSR Int'l v. Teleflex, 550 U.S. 398 (2007), which lowered the standard for obviousness – one of Club Car's purported basis for invalidity.

[10] As the parties and this Court may still have to proceed with litigation on the issues of infringement and invalidity even after the reexamination process is completed, it is unlikely that a stay of the action pending reexamination will spare expenses to the parties. As discussed previously, it will be faster and more efficient for the parties to determine these issues in litigation, which could be completed long before the reexamination process.

Ex. A with Isackson Decl., Ex. 4 (only one of four prior art references in Club Car's letter dated June 29 was included in Club Car's Request for Reexamination). See, e.g., ESN, 2008 WL 6722763, at *4 (noting that although defendant will be estopped from asserting at trial publications disclosed to the PTO in reexamination, alleged prior art products not cited will still be in play at trial); BarTex Research, 611 F. Supp. 2d at 653 (finding that because defendant may still challenge the validity of the patent with other prior art, "it is not clear whether the invalidity issues will be clarified much, if at all").

Moreover, even if some of the '881 claims 32-38 were changed or invalidated in a reexamination by the PTO, the benefit of any simplification of the issues would not outweigh the prejudice to E-Z-GO caused by such a lengthy delay. See Network Appliance Inc. v. Sun Mircosystems Inc., No. C-07-06053 EDL, 2008 WL 2168917, at *3 (N.D. Cal. May 23, 2008) (recognizing a growing concern that "staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay.").

### 3. The Stage Of Litigation Does Not Favor A Stay.

Club Car overstates the weight that should be given to the fact that this case is in an early stage. See Mov. Br. at 4. "Although the advanced nature of a case approaching trial may weigh heavily against granting a stay, the opposite inference – that a suit in the early stages should weigh heavily in favor of a stay – is not true." Sighting Sys. Instruments, LLC v. Prestige Law Enforcement, Inc., No. 3:05-CV-1560-G, 2006 WL 2642184, at *4 (N.D. Tex. Sept. 11, 2006).

Courts frequently deny stays pending patent reexamination in incipient cases because little weight is given to this factor in light of the undue prejudice that the patentee will suffer and the lack of simplification. See, e.g., Esco, 2009 WL 3078463, at *2 (denying stay "when no substantive proceedings have taken place and no deadlines have been scheduled"); Biax,

2007 WL 614187, at *2 (denying stay before scheduling conference and commencement of discovery); Robbins, 2009 WL 2170174, at *2 (denying stay despite litigation being in "its early stages"); Sorensen, 2009 WL 605831, at *2 (denying stay though "discovery is still in its early stages and no trial date has been set").

Despite the fact that this case is in its early stage, given Club Car's own request for an extension in which to respond to the Complaint and the speedy and efficient scheduling and disposition of intellectual property cases in the Southern District of Georgia, this factor does not weigh in favor of a stay.  Moreover, given that the parties and this Court will not benefit from simplification of the issues and the undue prejudice that E-Z-GO will suffer if a stay is issued, Club Car's motion should be denied.

## II. Conclusion

For the reasons stated above, E-Z-GO requests that this Court deny Club Car's motion to stay the case pending *inter partes* reexamination of the '881 patent.

Dated: Augusta, Georgia

December 23, 2009

Respectfully submitted,

FULCHER HAGLER LLP

By:   /S/ MICHAEL N. LOEBL
    Michael N. Loebl. (GA Bar No. 455709)
    Sonja R. Tate (GA Bar No. 698840)
One 10th Street, Suite 700
Augusta, Georgia  30901
(706) 724-0171

ORRICK, HERRINGTON & SUTCLIFFE LLP
Robert M. Isackson
Nicholas H. Lam
666 Fifth Avenue
New York, New York  10103
(212) 506-5000

Attorneys for Plaintiffs E-Z-GO (a division of Textron Inc.) and TEXTRON INNOVATIONS INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 23rd day of December, 2009, a true copy of PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION was filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted,

FULCHER HAGLER LLP

By: /s/ MICHAEL N. LOEBL
    Michael N. Loebl (GA Bar No. 455709)
    Sonja R. Tate (GA Bar No. 698840)

One 10th Street, Suite 700
Augusta, Georgia  30901
(706) 724-0171

And

ORRICK, HERRINGTON & SUTCLIFFE LLP
Robert M. Isackson
Nicholas H. Lam
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Plaintiffs
 E-Z-GO (a division of Textron Inc.) and TEXTRON INNOVATIONS INC.