# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

|  |  |
|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATIONS INC, <br><br> Plaintiffs, <br><br> v. <br><br> CLUB CAR, INC., <br><br> Defendant | CASE NO: 1:09-CV-00119 |

### CLUB CAR'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY

**I.  INTRODUCTION**

Plaintiffs', E-Z-GO (a division of Textron Inc.) and Textron Innovations, Inc.'s (collectively, "Textron's"), motion for reconsideration of the Court's January 12, 2010 Order staying this patent litigation ignores the bulk of the Court's analysis and instead focuses on two minor issues Textron thinks the Court got wrong. One of the two issues Textron offers in support of its motion is entirely moot. Textron does not say so, but six days before Textron filed its motion, the PTO granted Club Car's request for reexamination and issued an initial office action rejecting all of the asserted claims of the patent-in-suit. The other issue raised by Textron's motion is based on a misleading legal argument that is only part of the Court's basis for finding that the litigation would be simplified by a stay pending the reexamination. In short, this Court was correct the first time, and the current Textron motion is a waste of the Court's and the parties' resources.

- 1 -

## II. ARGUMENT

The Court's Order staying the case relied upon three factors: (1) that the early stage of this case "strongly favors a stay" (Order at 5); (2) that the litigation would be simplified by a stay (*Id*. at 5-7); and (3) that the advantages of a stay outweigh any prejudice Textron might suffer (*Id.* at 7-11). Textron's primary argument is that one element of the Court's analysis of factor two was premised on a supposed misreading of the law. It does not argue that the Court was wrong in its analysis of factor one, or that any of its discussion of factor three was incorrect. Neither does Textron take issue with this Court's findings with respect to factor two that there is a statistical likelihood that the claims of the patent will be cancelled or modified during reexamination, that the litigation will be simplified by only having to litigate certain issues, and that the Court will benefit from the PTO's expert review in any event. This analysis is sound, Textron takes no issue with it, and by itself supports a stay.

Textron takes issue instead with the Court's finding that judicial resources would potentially be wasted because the Court's decision on validity does not bind the PTO. Specifically, Textron argues that "a final decision on validity entered by this Court against Club Car ***would be binding*** on the PTO and terminate any then pending *inter partes* reexamination proceeding." Textron Br. at 3 (emphasis in original). Either Textron is being intentionally ambiguous when it refers to a "final" decision by "this" Court, or it is incorrectly stating the law, as shown by the very citations highlighted by Textron. Section 2286.04(V) of the Manual of Patent Examination and Procedure, attached to Textron's Motion as Exhibit 1, specifically states that "[t]he statute and legislative history of the estoppel provisions make it clear that the *inter partes* reexamination of a claim (requested by a party) must be terminated once a final decision upholding the validity of that claim (challenged by the same party) has issued 'after any appeals,' not simply just after a district court decision." Textron's Ex. 1, at 6-7 (emphasis added). A

- 2 -

validity finding by this Court could be rendered moot by a contrary reexamination finding by the PTO. The Court's analysis was correct; Textron is wrong, or, at best, misleading.

It is hard to understand the point of Textron's second argument, that although its prior arguments mischaracterized the law with respect to who can seek a stay, stays should nevertheless not be issued until <u>after</u> a reexamination request is granted.[1] *See* Textron Br. at 3-4. Even if Textron was correct (and we demonstrated in our prior briefs on the issue that Textron is not) the PTO accepted the petition for *inter partes* reexamination on January 14, 2010, some six days before Textron filed this motion. In so doing, the PTO issued an initial office action <u>rejecting</u> all of the claims at issue. *See* Exhibit A, attached hereto. In sum, the argument that any stay was premature has been rendered moot because the PTO has accepted the petition for reexamination.

---

[1] Although unclear, Textron may be making an additional argument that Club Car, as the accused infringer, cannot bring a motion to stay. In addition to being an entirely new argument brought in a motion for reconsideration, however, that unsupported argument is belied by the cases cited in the previous briefing on the motion to stay, virtually all of which were brought by accused infringers.

### III. CONCLUSION

For the foregoing reasons, Textron's motion for reconsideration should be denied.

Dated this 22nd day of January, 2010.

        **MICHAEL BEST & FRIEDRICH LLP**

        By: s/ Jacob E. Miota
            Thomas S. Reynolds II
            Jacob E. Miota
            Jeremy Adelson
            100 East Wisconsin Avenue
            Suite 3300
            Milwaukee, WI 53202-4108
            Phone: 414.271.6560
            Email: tsreynolds@michaelbest.com
                    jemiota@michaelbest.com
                    jadelson@michaelbest.com

            And

            A. Montague Miller
            453 Greene Street
            P. O. Box 2426
            Augusta, GA 30903-2426
            Phone: 706-722-0771
            Facsimile: 706-722-7028
            Email: mmiller@thefirm453.com

        Attorneys for Defendant CLUB CAR, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael N. Loebl
Sonja R. Tate
FULCHER HAGLER LLP
One 10th Street, Suite 700
Augusta, Georgia 30901
(706) 724-0171

And

Robert M. Isackson
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Valerie M. Goo
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
(213) 629-2020

Stacey E. Stillman
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
(650) 614-7400

Attorneys for Plaintiffs
E-Z-GO (a division of Textron Inc.) and
TEXTRON INNOVATIONS INC.

By: s/ Jacob E. Miota
Jacob E. Miota
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
Phone: 414.271.6560
Email: jemiota@michaelbest.com