UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATION INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CLUB CAR, INC., | ) ) |
| Defendant | ) ) ) |

CASE NO: 1:09-CV-00119

**CLUB CAR'S BRIEF IN SUPPORT OF ITS MOTION TO LIFT THE STAY OF LITIGATION, DISMISS PLAINTIFFS' SUIT WITH PREJUDICE, AND AWARD DEFENDANT REASONABLE ATTORNEY'S FEES PURSUANT TO 35 U.S.C. § 285**

Plaintiffs, E-Z-GO (a division of Textron Inc.) and Textron Innovations, Inc. (collectively "Textron"), instituted this lawsuit claiming that Defendant, Club Car, Inc. ("Club Car"), infringed a Textron patent. Club Car and E-Z-GO are primary competitors and, until this lawsuit, co-existed in Augusta without legal incident. Club Car moved the Court for a stay of the litigation pending the outcome of an *inter partes* reexamination in the Patent Office that sought to invalidate the asserted claims (claims 32-38) of Textron's patent. Textron pursued this litigation, including aggressively opposing Club Car's Motion to Stay, despite knowing of several prior art references (including its very own owner's manual) that clearly invalidated the asserted patent claims. The Court granted Club Car's Motion to Stay. Since then, the Patent Office has declared the asserted claims of Textron's patent invalid and unenforceable and Textron has exhausted all of its opportunities to appeal the Patent Office's decision. Accordingly, Club Car submits this brief in support of its Motion to Lift the Stay of Litigation,

Dismiss Plaintiff's Suit with Prejudice, and Award Defendant Reasonable Attorney's Fees Pursuant to 35 U.S.C. § 285.

## I. BACKGROUND

Textron filed this patent infringement action on October 1, 2009, alleging that Club Car was infringing claims 32-38 of Textron's U.S. Patent No. 7,332,881 entitled "AC Drive System for Electrically Operated Vehicle" ("the '881 Patent" or the "patent-in-suit"). Dkt. 1 at 5-6. On November 19, 2009, Club Car and Textron filed a joint motion requesting that Club Car's deadline to respond to Textron's complaint be extended until December 7, 2009 to allow time for the parties to meet to discuss the lawsuit. Dkt. 13. On November 23, 2009, by agreement of the parties, Club Car provided Textron with a draft of a Request for an *inter partes* Reexamination of the '881 Patent that Club Car intended to file with the Patent Office if the parties failed to settle their differences at their scheduled December 7, 2009 meeting. Affidavit of Thomas Reynolds at ¶¶ 4 and 9 (hereinafter "Reynolds Aff.") attached hereto as Exhibit A. The draft of the Request for Reexamination referenced seven prior art references that plainly invalidated the patent claims being asserted by Textron. Reynolds Aff. at ¶¶ 5 and 9. Included among the prior art references in the draft of the Request for Reexamination was E-Z-GO's/Textron's very own Owner's Manual and Service Guide for Electric Powered Fleet Golf Cars & Personal Vehicles (the "E-Z-GO Manual"). *Id.* at ¶ 5(f). The E-Z-Go Manual was published more than one year prior to the filing of Textron's application for the '881 patent. *Id*.

At the December 7, 2009 meeting, Club Car tried to impress upon Textron the impact on the patent-in-suit of the prior art, including the E-Z-GO Manual, and the Request for Reexamination as a whole. *Id.* at ¶ 6. Nevertheless, Textron maintained its intention to charge forth with the present lawsuit and no resolution was reached at the December 7, 2009 meeting. *Id.* at ¶ 7.

Therefore, Club Car made some final revisions to the draft of the Request for Reexamination (most notably by adding yet another piece of prior art that was not included in the draft) and filed its Request for an *inter partes* Reexamination of the '881 Patent with the Patent Office on December 7, 2009. Reynolds Aff. at ¶ 8 and Dkt. 21. That same day, Club Car filed its Motion to Stay this litigation and its Answer and Counterclaim for invalidity of the '881 Patent. Dkts. 18 and 19. Even though Textron was now well aware of the prior art upon which Club Car based its Request for Reexamination, Textron moved forward with the litigation.

On December 23, 2009, Textron filed a Memorandum of Law in Opposition to Club Car's Motion to Stay. Dkt. 30. Among other arguments, Textron cited 35 U.S.C. § 318 to stand for the proposition that "the Patent Act explicitly states a stay of pending litigation may only be obtained '[o]nce an order for *inter partes* reexamination *has been issued*…."[1] *Id.* at 3 (italicized emphasis and alteration in original, underlined emphasis added). Textron mislead the Court as to the statute's meaning in two respects. First, Textron left out the portion of the statute that states it only applies to situations in which the patent owner (in this case, Textron) seeks a stay of the litigation pending an *inter partes* reexamination, not a third-party. Dkt. 32 at 10-11. Second, by inserting the word "only" into its paraphrase of Section 318, Textron completely changed the

---

[1] 35 U.S.C. § 318 states:
> Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

3

statute's meaning. *Id.* at 11. In its Order granting Club Car's Motion to Stay, the Court acknowledged that Textron had misstated the law in both respects.[2] Dkt. 35 at 11, n.6.

Next, the Patent Office granted Club Car's Request for Reexamination on January 14, 2010. Dkt. 40 at 3. On the same day, the Patent Office issued a non-final rejection of the asserted claims of the '881 Patent. *Id.* Even though the Patent Office had now granted the reexamination and rejected Textron's patent claims, Textron stubbornly moved the Court to reconsider the Court's Order staying the litigation. Dkt. 38. Textron itself acknowledged in its supporting brief that it had, indeed, misquoted Section 318, stating "[a]s the Court (and Club Car) correctly noted . . . Section 318 did not specifically prohibit either the patent owner or the requester/accused infringer from seeking a stay of litigation prior to or after grant of the reexamination request." *Id.* at 3. Club Car was then forced to incur the cost of responding to Textron's Motion to Reconsider. In doing so, Club Car pointed out that, while Textron's arguments regarding the meaning of Section 318 were still unclear, it was now a moot point because the Patent Office had granted Club Car's Request for Reexamination six days before Textron submitted its Motion to Reconsider. Dkt. 40 at 3. On January 26, 2010, the Court issued an Order denying Textron's Motion to Reconsider. Dkt. 41.

On April 30, 2010, the Patent Office issued an Action Closing Prosecution, rejecting all asserted claims of the '881 Patent. Reynolds Aff., Ex. 2 at 1 (hereinafter "PTO Litigation Update"). A year later, on April 28, 2011, the Board of Patent Appeals and Interferences ("BPAI") affirmed the Patent Office's rejection of the asserted claims. *Id.* at 2. On August 26,

---

[2] This Court said:
> The Court agrees with Club Car that Textron misstates the law by claiming a stay of pending litigation may "only" be obtained once an order for *inter partes* reexamination has been issued. The Court has inherent power to stay this case during *inter partes* reexamination to manage its own docket. The Court also agrees that 35 U.S.C. § 318 applies to owners of patents in the *inter partes* reexamination process, such as Textron, and not to third parties, such as Club Car.

Dkt. 35 at 11, n.6.

2011, Textron withdrew its Federal Circuit appeal of the BPAI decision, finally ending Textron's pursuit of this case. *Id*.

## II. THE COURT SHOULD LIFT THE STAY OF THIS LITIGATION AND DISMISS PLAINTIFF'S CASE WITH PREJUDICE

The Court's January 12, 2010 Order stayed this litigation pending the Patent Office's *inter partes* reexamination of the '881 patent. On August 26, 2011, Textron withdrew its appeal of the BPAI's decision affirming the Patent Office's complete cancellation of all asserted claims of the patent-in-suit. Textron's withdrawal of its appeal ends the reexamination of the patent-in-suit and the purpose for which the Court stayed this litigation. The stay should now be lifted.

Furthermore, the Court should dismiss Textron's suit with prejudice. Textron's suit is based on its assertion that Club Car infringed claims 32-38 of the '881 Patent. Textron's withdrawal of its appeal of the BPAI's decision affirming the cancellation of claims 32-38 ends any dispute over the enforceability of those claims. Upon the Patent Office's cancellation of the asserted patent claims, Textron no longer has a basis to assert any of its causes of action against Club Car in this lawsuit and, therefore, the Court should dismiss this lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. THE COURT SHOULD GRANT CLUB CAR AN AWARD OF REASONABLE ATTORNEY'S FEES BECAUSE THIS CASE IS EXCEPTIONAL UNDER 35 U.S.C. § 285

This Court should grant Club Car an award of the attorney's fees it incurred in defending itself against this patent infringement lawsuit. Textron initiated this lawsuit knowing that it stood on very questionable ground. Textron then maintained the lawsuit even after it had knowledge of several prior art references (including its very own owner's manual) that clearly invalidated the asserted claims. Finally, Textron exacerbated the costs incurred by Club Car in

this litigation when Textron misquoted legal authority to support a materially inaccurate proposition.

Textron's mishandling of this lawsuit is evidenced throughout the litigation, from the Court's recognition that Textron misconstrued 35 U.S.C. § 318 in in its Memorandum in Opposition to Club Car's Motion to Stay, to the Patent Office's complete cancelation of each and every one of the patent claims asserted by Textron, to the fact that among the pieces of prior art used by the Patent Office to reject Textron's patent claims was Textron's own E-Z-GO Manual, which was brought to Textron's attention as early as November 23, 2009, at the very outset of this case. Textron's stubborn insistence on pursuing its aggressive litigation strategy at all costs required Club Car to needlessly defend itself from a meritless lawsuit and warrants both a finding that this case is exceptional and an award of Club Car's cost of defending itself in this lawsuit.

### A. <u>Applicable law</u>

35 U.S.C. § 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Federal Circuit case law interpreting Section 285 provides a three-step analysis to determine when to award attorney's fees in a patent infringement lawsuit. First, the party requesting attorney's fees must be the prevailing party in the litigation. To be the prevailing party in a lawsuit, the party seeking attorney's fees must have achieved at least some relief on the merits of the litigation "which alter[ed] the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). Next, the non-prevailing party must engage in behavior that qualifies the case as exceptional. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). Finally, the Court must use its discretion to determine, given the exceptional nature of the lawsuit, what is the proper amount of fees to award the prevailing party

to compensate the prevailing party for having to defend itself in the exceptional case. *See Special Devices Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).

### B. **The Patent Office's cancellation of claims 32-38 of the '881 Patent make Club Car a prevailing party in this patent infringement litigation**.

The change in the legal relationship between the parties that is required for a party to obtain prevailing-party status need not rest entirely on decisions made by the district court. In *Inland Steel Co. v. LTV Steel Co.*, the accused infringer initiated a Patent Office reexamination of the patent at issue. 364 F.3d at 1320. After the reexamination resulted in the Patent Office canceling the asserted patent claims, the district court dismissed the infringement suit with prejudice. *Id.* The Federal Circuit held that the district court's dismissal of the case with prejudice due to the cancelation of the plaintiff's patent claims by the Patent Office effected the necessary change in the legal relationship between the parties to declare the alleged infringer the prevailing party in the lawsuit. *Id.* at 1321. Supporting the Federal Circuit's decision in *Inland Steel* was the fact that the district court's dismissing the lawsuit with prejudice "would have *res judicata* effect as to any claim brought against [the defendant] in the future with respect to the patent claims that were at issue in the district court case." *Id.* at 1320.

Under very similar circumstances to those present in *Inland Steel*, Club Car has requested that this Court dismiss Textron's lawsuit with prejudice based on the Patent Office's cancellation of the asserted patent claims. A dismissal of this case with prejudice would have *res judicata* effect as to the patent claims asserted against Club Car. This bar to future litigation alters the legal relationship between Textron and Club Car in the same way that the decision in *Inland Steel* affected the parties to that lawsuit and, therefore, makes Club Car the prevailing party in this litigation.

7

## C. Textron's behavior throughout the litigation of this patent infringement lawsuit makes this lawsuit exceptional for the purposes of 35 U.S.C. § 285.

A case is exceptional under 35 U.S.C. § 285 when the court finds that the plaintiff has engaged in material misconduct in relation to the patent infringement litigation or, absent a finding of such misconduct, when the court finds that the plaintiff brought an objectively baseless infringement lawsuit in subjective bad faith. *See iLor, LLC v. Google, Inc*, 631 F.3d 1372, 1376-77 (Fed. Cir. 2011). In the present lawsuit, Textron's litigation tactics and behavior throughout the litigation constituted material misconduct that warrants a finding of exceptionality. Additionally, Textron brought an objectively baseless lawsuit and maintained the lawsuit in subjective bad faith based on the fact that multiple pieces of prior art (including Textron's own E-Z-GO owner's manual – a document of which it cannot claim ignorance) were invalidating prior art. The present patent infringement lawsuit is, therefore, an exceptional case under 35 U.S.C. § 285 on each of these grounds independently.

1. **Textron engaged in material misconduct in litigating its patent infringement claims against Club Car**.

A case is exceptional when a party to the litigation has engaged in "material inappropriate conduct related to the matter in litigation." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2003). Examples of behavior that the Federal Circuit has consistently found to warrant a finding of exceptionality are 'fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." *Id.* As shown below, Textron engaged in such materially inappropriate conduct.

Textron's material inappropriate conduct in this lawsuit first arose when Textron brought the lawsuit in the face of clear evidence that the asserted claims were invalid. At least as early as

8

November 23, 2009, Club Car had uncovered multiple prior art references that completely invalidated the asserted patent claims. Failing to uncover a few of these prior art references might be forgivable. But, at a minimum, there is no excuse for Textron's failure to recognize the invalidating effect of its own E-Z-GO Manual. The readily available prior art was so damaging that the Patent Office cancelled the challenged claims outright.

Even more egregious than Textron's lack of investigation into its claims before initiating this lawsuit, however, is the fact that Textron maintained the lawsuit after Club Car made Textron aware of the invalidating prior art. On November 23, 2009, *two weeks* before the parties' December 7, 2009 settlement meeting, Club Car provided Textron with a draft of its Request for Reexamination, including seven of the eight prior art references ultimately used in the reexamination. Even if Textron could argue it was unaware of its own E-Z-GO Manual before filing this lawsuit (it cannot), it had at least two full weeks before the December 7, 2009 settlement meeting to review not only the E-Z-GO Manual, but also Club Car's Request for Reexamination, which spelled out the invalidity arguments relating to the prior art relied on in the Request for Reexamination. Textron's determined refusal to drop its case even after it unquestionably *knew* of the prior art that invalidated its patent caused Club Car, the Patent Office, and this Court to unnecessarily expend time and resources on this litigation and the reexamination proceedings.

In addition to the core misconduct discussed above, Textron further committed litigation misconduct causing unwarranted expense for Club Car when it cavalierly represented to this Court that 35 U.S.C. § 318 applied to this case and prevented the Court from granting a stay of the proceedings pending the *inter partes* reexamination. Textron both left out a portion of the statute that plainly stated the statute did *not* apply to cases like this one, and completely reversed

the meaning of Section 318 from a statute giving the Court authority to determine when a stay is appropriate to one greatly limiting the situations in which the Court can grant a stay. Textron's misquotation of Section 318 was so plain that Textron felt the need to affirmatively acknowledge to the Court that it had offered a misleading description of the statute *six days after* the argument for which it cited to Section 318 became moot. All of this cost the Court and Club Car significant time and expense.

Each of these examples constitutes misconduct relating to the litigation. Taken individually and separately the litigation misconduct by Textron led to unjustified litigation costing Club Car time and expense.

2. **Textron maintained this objectively baseless patent infringement suit against Club Car in subjective bad faith**.

In addition to finding this case exceptional due to the litigation misconduct discussed above, this Court should further find this case exceptional because Textron maintained an objectively baseless lawsuit in subjective bad faith. *See Brooks Furniture Mfg., Inc.*, 393 F.3d at 1381 (2005).

To establish that a claim is objectively baseless, a party must demonstrate that no reasonable litigant could believe it would succeed. *See iLor, LLC*, 631 F.3d at 1378 (2011). Objective baselessness does not depend on the state of mind of the plaintiff when the action was commenced. *Id.* Instead, objective baselessness requires an objective assessment of the merits of the claim. *Id.* at 1377. Under 35 U.S.C. § 102, an invention is not patentable if "the invention was patented or described in a printed publication in this or a foreign country or in public use or sale in this country, more than one year prior to the date of the application for patent in the United States."

In this case, at least eight invalidating prior art references were published more than one year before the patent-in-suit was filed. All of the prior art references, including the E-Z-GO Manual, were so damaging to the asserted claims of the '881 Patent that the Patent Office canceled the claims without allowing amendment of them by Textron. Under 35 U.S.C. §§ 102 and 103, the asserted claims had no reasonable chance of maintaining their validity. No reasonable litigant could believe that they would have been successful in this case. When a court finds that a litigant brought an objectively baseless claim with knowledge that the claim was without merit, the court should make a finding that the litigant brought the claim in subjective bad faith. *See iLor, LLC*, 631 F.3d at 1377.

In the present case, there are two instances that demonstrate that Textron maintained this patent infringement lawsuit with knowledge that its claims were baseless. As discussed, one of the invalidating prior art references was Textron's own E-Z-GO Manual. There can be no argument that Textron did not know of the E-Z-GO Manual. But, even if Textron were to argue that it did not know of the E-Z-GO Manual prior to initiating this lawsuit, as early as December 7, 2009, only a couple of months after the lawsuit was filed, Textron knew of *all* of the prior art references that led to the Patent Office's complete cancelation of the asserted claims. At the very least, Textron maintained this lawsuit in subjective bad faith with knowledge that its patent infringement claims were baseless from December 7, 2009 to the end, causing Club Car to expend time and expense on its Answer and Counterclaims, the Motion to Stay and attendant briefing, and the reexamination proceedings.

### D. The nature of this case entitles Club Car to recover the attorney's fees that it expended in defending itself from Textron's patent infringement claims.

Once a court has declared a case to be exceptional under 35 U.S.C. § 285, it must determine the amount of the award of reasonable attorney's fees to which the prevailing party is

entitled. *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001). In making this determination, the court should "weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between the winner and loser." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). The ultimate goal of this determination is to put the prevailing party in the situation that it would have been in had it not had to litigate the exceptional case. *See Mathis v. Spears*, 857 F.2d 749, 753 (Fed. Cir. 1988).

Club Car should receive an award of attorney's fees equal to Club Car's entire cost of defending itself against Textron's patent infringement claims, which includes both the litigation before this Court as well as the reexamination proceedings. Each of the considerations outlined above weighs in favor of granting Club Car its entire costs of defense.

This lawsuit was a total failure for Textron. Any contentions of patent infringement by Textron were not even reached because the Patent Office completely invalidated the asserted claims before the case got going. In addition to prevailing on the merits of this case, Club Car also prevailed at every procedural step Textron forced it to go through, both in front of the Court and the Patent Office. The Court granted Club Car's Motion to Stay and denied Textron's motion to reconsider the stay, and the Patent Office quickly granted Club Car's Request for Reexamination and ultimately invalidated all of the asserted claims. This case lacked merit from the outset.

Moreover, the tactics of Textron weigh in favor of an award of Club Car's entire cost of defense in this lawsuit. After Club Car showed Textron its Request for Reexamination and specifically pointed out prior art including the E-Z-GO Manual, Textron maintained a suit that it knew was meritless. Further, Textron overreached in trying to prevent the Court from staying

this lawsuit pending the Patent Office's *inter partes* reexamination, which Textron knew would invalidate the asserted claims. Textron misquoted 35 U.S.C. § 318 in an attempt to manufacture an argument and improperly apply the statute. Textron also continued to pursue its aggressive litigation tactics in the face of the existence of at least eight prior art references that clearly invalidated its asserted patent claims.

Textron's behavior throughout this lawsuit demonstrates its blind determination to cause Club Car, its primary competitor, to expend significant time and expense on a meritless case. Thankfully, this Court stayed the litigation and mitigated the expense incurred by Club Car. Nevertheless, significant expense was still incurred, and an award to Club Car of at least some of those costs is warranted.

## IV. CONCLUSION

For the reasons stated herein, Club Car respectfully requests that the Court lift the stay on this litigation, dismiss Textron's case with prejudice, and award Club Car reasonable attorney's fees in an amount equal to Club Car's entire cost of defending itself against this lawsuit.

Dated this 4th day of April 2012.

                              Respectfully submitted,

                              **TUCKER, EVERITT, LONG, BREWTON & LANIER**

                              By: s/ A. Montague Miller
                              GA Bar No. 506100
                              453 Greene Street
                              P.O. Box 2426
                              Augusta, GA 30903-2426

Phone: (706) 722-0771
Facsimile: (706) 722-7028
Email: mmiller@thefirm453.com

and

**HANSEN RIEDERER DICKINSON CRUEGER & REYNOLDS LLC**
Thomas S. Reynolds II
316 North Milwaukee Street
Suite 200
Milwaukee, WI 53202-5885
Phone: (414) 455-7676
Facsimile: (414) 273-8476
Email: thomas@hrdc-law.com

Attorneys for Defendant CLUB CAR, INC.