IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLUB CAR, INC., <br><br> Defendant | No. 1:09-CV-00119-JRH-WLB |

**<u>PLAINTIFFS E-Z-GO AND TEXTRON INNOVATIONS INC.'S RESPONSE TO CLUB CARS' MOTION TO LIFT THE STAY, DISMISS THE CASE, AND FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285</u>**

# TABLE OF CONTENTS

Page

I.      FACTUAL BACKGROUND ............................................................................. 2

II.     ATTORNEYS' FEES MAY BE AWARDED ONLY IN EXCEPTIONAL
        PATENT CASES ......................................................................................... 5

III.    CLUB CAR IS NOT ENTITLED TO ITS ATTORNEYS' FEES ................................... 9

        A.      This is Not an Exceptional Case:  Club Car has Not Shown that E-Z-GO
                Engaged in Any Material Misconduct During the Litigation ................................ 9

        B.      This Case is Not Exceptional:  Club Car has Not Shown that E-Z-GO
                Brought this Case in Subjective Bad Faith Or that the Litigation Was
                Objectively Baseless, Let Alone Both ............................................................. 13

        C.      The Court Should Exercise its Discretion To Deny an Award of
                Attorneys' Fees on the Facts of this Case ........................................................ 17

        D.      Club Car's Request for Attorneys' Fees Is Procedurally Defective ..................... 18

IV.     CONCLUSION ........................................................................................... 19

Cases

*AddVenture Prods., Inc. v. Smoothreads, Inc.*,
   No. 07-cv-2025, 2009 WL 3248097 (S.D. Cal. Oct. 8, 2009).................................6

*Alyeska Pipeline Serv. Co. v. Wilderness Society*,
   421 U.S. 240 (1975)..............................................................................................5

*Beckman Instruments, Inc. v. LK Produkter AB*,
   892 F.2d 1547 (Fed. Cir. 1989).............................................................................8

*Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*,
   393 F.3d 1378 (Fed. Cir. 2005)..................................................................... *passim*

*Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*,
   910 F.2d 804 (Fed. Cir. 1990)................................................................................8

*Digeo, Inc. v. Audible, Inc.*,
   503 F.3d 1362 (Fed. Cir. 2007)............................................................................13

*eSpeed, Inc. v. Brokertec USA, L.L.C.*,
   417 F. Supp. 2d 580 (D. Del. 2006).....................................................................18

*Ethicon v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988).............................................................................15

*Forest Labs., Inc. v. Abbott Labs*,
   339 F.3d 1324 (Fed. Cir. 2003)....................................................................5, 8, 18

*Gentry Gallery, Inc. v. Berkline Corp.*,
   134 F.3d 1473 (Fed. Cir. 1998).............................................................................6

*iLor, LLC v. Google, Inc.*,
   631 F.3d 1372 (Fed. Cir. 2011)..................................................................... *passim*

*In re Bingo Card Minder Corp.*,
   152 F.3d 941, 1998 WL 130514 (Fed. Cir. 1998) ...............................................11

*In re Seagate Technology, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)..............................................................................8

*Inland Steel Co. v. LTV Steel Co.*,
   364 F.3d 1318 (Fed. Cir. 2004)..............................................................................5

*McKesson Info. Solutions Inc. v. Bridge Med., Inc.*,
    No. S-02-2669, 2006 WL 2583025 (E.D. Cal. Sept. 6, 2006)................................18

*McNeil-PPC, Inc. v. L. Perrigo Co.*,
    337 F.3d 1362 (Fed. Cir. 2003)....................................................... *passim*

*Nordberg, Inc. v. Telsmith, Inc.*,
    82 F.3d 394 (Fed. Cir. 1996).................................................................9

*Pfizer, Inc. v. Teva Pharms. USA, Inc.*,
    No. 04-754, 2007 WL 4300155 (D.N.J. Dec. 5, 2007).........................................18

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004).............................................................7

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
    781 F.2d 198 (Fed. Cir. 1986).........................................................8, 18

*Safeflight, Inc. v. Chelton Flight Sys.*,
    No. 5:05-cv-2622, 2008 U.S. Dist. LEXIS 123200 (N.D. Ohio Apr. 24, 2008) ..............13, 16

*Sentex Sys., Inc. v. Elite Access Sys., Inc.*,
    250 F.3d 756, 2000 WL 748070 (Fed. Cir. 2000) ..........................................7, 12

*Special Devices, Inc. v. OEA, Inc.*,
    269 F.3d 1340 (Fed. Cir. 2001).............................................................5

*Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*,
    576 F.3d 1302 (Fed. Cir. 2009)............................................................18

*Whirlpool Corp. v. LG Elecs., Inc.*,
    No. 1:04-cv-100, 2007 U.S. Dist. LEXIS 11548 (W.D. Mich. Feb. 20, 2007) ......................16

## STATUTES

35 U.S.C. §282.................................................................6, 7, 10

35 U.S.C. § 285................................................................ *passim*

35 U.S.C. § 316......................................................................11

35 U.S.C. § 317....................................................................3, 16

35 U.S.C. § 318...................................................................3, 9, 13

## OTHER AUTHORITIES

37 C.F.R. 41.61.....................................................................11

37 C.F.R. § 1.902.......................................................................................................................19

Fed. R. Civ. P. 54(d)(2)(B) .........................................................................................................18

Defendant's Motion is unnecessary and unwarranted. Since August 2011, plaintiffs E-Z-GO (a division of Textron Inc.) and Textron Innovations Inc. (together, "E-Z-GO") have sought Club Car, Inc.'s ("Club Car") stipulation to lift the stay and dismiss this action with prejudice as to the asserted claims 32-38 of U.S. Patent No. 7,332,881 (the "'881 patent"). Club Car refused. Instead, Club Car demanded payment of its attorneys' fees and, after E-Z-GO declined, Club Car waited five months to file this motion.

E-Z-GO joins in Club Car's request to lift the stay and dismiss the action with prejudice, something that it sought to do in August 2011. E-Z-GO opposes this motion, however, to the extent that Club Car seeks an award of attorneys' fees. The facts of this case simply do not warrant a finding that the case is "exceptional" and therefore Club Car is not entitled to any award of attorneys' fees under 35 U.S.C § 285. The purported evidence that Club Car principally puts before this Court in support of its motion is that (i) the asserted patent claims were ultimately found (in retrospect) by the Patent Office to be unpatentable in the reexamination proceedings and (ii) E-Z-GO opposed Club Car's motion to stay this action pending reexamination (even though the stay was in fact granted). Club Car's "evidence" falls far short of proving, by the requisite clear and convincing standard, that E-Z-GO engaged in material misconduct during the litigation or brought an objectively baseless lawsuit in bad faith. At best, Club Car has noted that E-Z-GO prosecuted its patent rights in accordance with the rules of this Court. There is no precedent for an award of attorneys' fees on the facts of this case. Rather, the case authority is to the contrary, and the Federal Circuit has made it clear that attorneys' fees are "not to be routinely assessed against a losing party in the litigation in order to avoid penalizing a party for merely defending or prosecuting a lawsuit." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (internal quotation marks omitted).

Moreover, Club Car's request for attorneys' fees is procedurally defective because it fails to state the amount of the requested fees or when these fees were allegedly incurred.

Accordingly, Club Car's motion for attorneys' fees should be denied, and the case should be dismissed with prejudice.

## I.      FACTUAL BACKGROUND

Prior to filing the action, E-Z-GO made good faith efforts to resolve its patent infringement dispute with Club Car short of litigation.  In the course of these discussions, on June 29, 2009, three months prior to the filing of the complaint, Club Car sent a letter to E-Z-GO asserting that four prior art references invalidated asserted claims 32 and 35-38 of the '881 patent.  *See* Declaration of Sonja R. Tate in Support of Plaintiffs' Response to Club Car's Motion ("Tate Decl."), Ex. A, June 29, 2009 letter from Brion St. Amour.  E-Z-GO analyzed these references and determined that none of them, alone or in combination with one another, invalidated claims 32-38 of the '881 patent.  Unable to resolve the dispute, E-Z-GO then filed this lawsuit on October 1, 2009, alleging that Club Car infringed claims 32-38 of the '881 patent.

Prior to answering the Complaint, on November 23, 2009, Club Car shared with E-Z-GO a ready-to-file draft of its Request for *Inter Partes* Reexamination of the '881 patent ("Request" or "Request for Reexamination"), which contained seven prior art references—none of which were among the four prior art references that Club Car had presented prior to the action.  *See* Club Car Br. at 2; Tate Decl. Ex. A, June 29, 2009 letter from B. St. Amour; Ex. B, Filed Request.  One of the seven prior art references in the draft Request was an E-Z-GO owner's manual and service guide.  *See* Club Car Br. at 2.  After receiving Club Car's draft Request, E-Z-GO concluded that Club Car's arguments were distinguishable and that reasonable outcomes were either confirmation of patentability in reexamination or a verdict at trial that the asserted

patent claims are not invalid.

On December 7, 2009, after the parties renewed efforts to resolve the dispute again failed, Club Car added an eighth prior art reference to its Request which was then filed with the Patent Office. *See* Club Car Br. at 3. Also on December 7, Club Car answered the Complaint, filed a single counterclaim for declaratory judgment of invalidity, and moved to stay this case pending reexamination. *See id.*; Dkt. No. 18, Club Car's Answer and Counterclaim. Significantly, Club Car did not lodge a counterclaim that its accused products did not infringe the asserted claims of the '881 patent.

E-Z-GO opposed Club Car's motion to stay because, among other reasons, the stay would cause prejudice to E-Z-GO. *See* Dkt. No. 35, Jan. 12, 2010 Order at 4. The Court found that E-Z-GO would indeed be prejudiced by a stay, but in its discretion determined that such prejudice would not outweigh the Court's perceived benefits of a stay, namely simplification of the issues. *See id.* at 5, 7. Accordingly, the Court ordered the case stayed pending the disposition of any reexamination proceeding initiated as a result of Club Car's Request. *See id.* at 12. Shortly thereafter, on January 14, 2010, the Patent Office granted Club Car's Request and issued a non-final rejection of the asserted claims.

On January 20, 2010, E-Z-GO filed a motion for reconsideration of the Court's Order staying the case in light of 35 U.S.C. § 317(b), which legislatively overruled a case on which the Court relied in determining the degree to which a stay would simplify the issues, and thus would affect the Court's analysis of whether to stay the case. *See* Dkt. No. 38, Motion for Reconsideration at 2-3.[1] The Court found that E-Z-GO's legal basis for seeking reconsideration

---

[1] In the Motion for Reconsideration, E-Z-GO also apologized to the Court for its prior inadvertent mischaracterization of 35 U.S.C. § 318 in its opposition brief, which Club Car had pointed out in its reply brief. *See* Dkt. No. 38, Motion for Reconsideration at 3.

had merit, but because it would not affect the overall outcome of the Court's stay analysis, nevertheless denied the motion.  *See* Dkt. No. 41, Jan. 26, 2010 Order at 3-4.

In the reexamination, E-Z-GO vigorously defended the asserted claims, including submitting the sworn declarations of an expert to support patentability, and in seeking to amend the claim language to distinguish the prior art.  *See* Tate Decl. Ex. C, Mar. 15, 2010 Response and Claim Amendment.  Based on these amendments and E-Z-GO's good faith arguments, the Examiner eventually rejected many, but accepted some of Club Car's arguments for unpatentability.  *See* Tate Decl. Ex. D, Apr. 30, 2010 Action Closing Prosecution.  Significantly, the Examiner rejected all of Club Car's arguments that amended claims 32-38 were not patentable in light of a prior art E-Z-GO owner's manual.  *See id.* at 13-14, 16.  Instead, the Examiner relied on other references cited by Club Car, none of which was known to E-Z-GO prior to filing the Complaint.

Because E-Z-GO believed, in good faith, that the Examiner's determination was in error, E-Z-GO appealed to the Board of Patent Appeals and Interferences ("BPAI").  *See* Tate Decl. Ex. E, Nov. 22, 2010 BPAI Appeal Brief.  On June 28, 2011, E-Z-GO appealed the BPAI's affirmation of the Examiner's decision to the United States Court of Appeals for the Federal Circuit, but later formally withdrew its appeal on August 26, 2011.  *See* Tate Decl. Ex. F, Aug. 26, 2011 Order; Ex. G, Dec. 22, 2011 Litigation Update.

On August 10, 2011, as soon as E-Z-GO had made the decision that it would withdraw its appeal to the Federal Circuit and before the appeal was actually withdrawn, E-Z-GO raised with Club Car the issue of dismissing the case with prejudice by stipulation or otherwise.  *See* Tate Decl. ¶ 2.  Club Car did not respond.  *Id*.  Three months later, on October 12, 2011, Club Car demanded that E-Z-GO compensate Club Car for its attorneys' fees.  *Id.* ¶ 3.  E-Z-GO declined

to do so, but again attempted to contact Club Car to reach an agreement to stipulate to dismiss the case with prejudice.  *Id*.  Once again, Club Car did not respond.  *Id*.  Instead, five months later, Club Car filed the instant motion.

On March 21, 2012, the Patent Office issued a notice of intent to issue a reexamination certificate, but the certificate has not yet issued.  *See* Tate Decl. Ex. H, Notice of Intent to Issue a Reexamination Certificate.

## II.    ATTORNEYS' FEES MAY BE AWARDED ONLY IN *EXCEPTIONAL* PATENT CASES

Section 285 of the Patent Act provides:  "The court in ***exceptional*** cases may award reasonable attorney fees to the prevailing party."[2]  35 U.S.C. § 285 (emphasis added).  This departure from the American Rule, whereby litigants bear their own attorneys' fees in litigation, applies only in limited and rare circumstances.  *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975); *Forest Labs., Inc. v. Abbott Labs*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) ("In interpreting § 285, we have been mindful of the limited circumstances in which an award of attorney fees is appropriate.  The Senate Report… states that 'it is not contemplated that the recovery of attorney's fees will become an ordinary thing in patent suits.'" (citations and internal quotation marks omitted).  And the Federal Circuit[3] has made it clear that an award of attorneys' fees under Section 285 is "not to be routinely assessed against a losing party in the litigation in order to avoid penalizing a party for merely defending or prosecuting a lawsuit."

[2] Section 285 requires a threshold determination of the "prevailing party."  *See Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004).  Because E-Z-GO believes that Club Car cannot show that this case is exceptional, and in any event cannot demonstrate that the circumstances of this case warrant an award of attorneys' fees,  E-Z-GO will not contest whether Club Car is a prevailing party for purposes of this motion.

[3] Because "the awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law," it is subject to Federal Circuit law.  *See Special Devices, Inc. v. OEA, Inc*., 269 F.3d 1340, 1343 (Fed. Cir. 2001).

*McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (internal quotation marks omitted).

Patents are presumed valid. *See* 35 U.S.C. §282. Further, because "[t]here is a presumption that the assertion of infringement of a duly granted patent is made in good faith…[,] the underlying improper conduct and the characterization of the case as exceptional ***must be established by clear and convincing evidence***." *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005) (emphasis added). The "exceptional case" limitation and the high burden of proof thus represent a "formidable ... barrier to unwarranted awards." *AddVenture Prods., Inc. v. Smoothreads, Inc.*, No. 07-cv-2025, 2009 WL 3248097, at *3 (S.D. Cal. Oct. 8, 2009).

To obtain an award of reasonable attorney fees in patent cases, the prevailing party must establish that the case is exceptional within the meaning of § 285, and also establish that the court in its discretion should properly award its reasonable attorneys fees. *See Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998).

> To prove that a case is exceptional, the prevailing party must show either:
>
> "Misconduct during patent prosecution or litigation," meaning "some material inappropriate conduct related to the matter in litigation such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions"
>
> *OR*
>
> Absent the above, "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless."

*iLor, LLC v. Google, Inc.*, 631 F.3d 1372, 1376-77 (Fed. Cir. 2011) (quoting *Brooks Furniture*, 393 F.3d at1381 (internal quotation marks omitted)). As discussed below, under either test, the legal standards are high and Club Car cannot meet them.

**_Material Misconduct During Litigation._**  A U.S. patent, such as the '881 patent, is entitled to "a strong presumption of validity" under 35 U.S.C. § 282.  *Sentex Sys., Inc. v. Elite Access Sys., Inc.*, 250 F.3d 756 (Table), 2000 WL 748070, at *2 (Fed. Cir. 2000).  "A patent owner has the 'right to exclude others from making, using, and selling the invention and to enforce those rights until [its patents are] held invalid [or expire].'"  *McNeil-PPC*, 337 F.3d at 1372.  Accordingly, the Federal Circuit has held that "defending the validity of [a] patent and continuing the litigation after the disclosure of [prior art later found to be invalidating]" is not "manifestly unreasonable" and does not warrant a finding of misconduct.  *Sentex*, 2000 WL 748070 at *2-*3.  This is true even where the plaintiff was the creator of the prior art references.  *Id.* at *3.

**_Subjectively Bad Faith And Objectively Baseless Litigation._**

_Brought in subjective bad faith (element 1)._  The mere fact that a patent is later held invalid does not make the case "exceptional" within the meaning of § 285.  Indeed, the Federal Circuit rejects such attempts to use a finding of invalidity "to bootstrap the argument that they were asserted in bad faith, absent **_clear and convincing evidence_** that [the plaintiff] had reason to believe the claims were invalid" **_when they were asserted_**.  *Id.* at 1372-73 (emphasis added); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1303-04 (Fed. Cir. 2004) (finding case was not exceptional and rejecting contention that plaintiff should have known patent was invalid prior to filing suit because plaintiff "reasonably believed its patent to be valid in light of the statutory presumption of validity" and "letters from accused infringers questioning the validity of the '373 patent do not negate [plaintiff's] legal and factual bases for believing the patent to be valid").

_Objectively Baseless (element 2)._  The standard for objective baselessness is

"identical to the objective recklessness standard for enhanced damages and attorneys' fees against an accused infringer for § 284 willful infringement actions under *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc)." *iLor* at 1377. Under *Seagate*'s high standard, objective recklessness means that "the infringer acted despite an *objectively high likelihood that its actions constituted infringement of a valid patent.... The state of mind of the accused infringer is not relevant to this objective inquiry.*" *Id.* (quoting *Seagate*, 497 F.3d at 1371 (emphasis in original)). In other words, the defendant must prove that the plaintiff's position was "so unreasonable that no reasonable litigant could believe it would succeed." *Id.*; *see also id.* at 1380 ("simply being wrong about claim construction should not subject a party to sanctions where the construction is not objectively baseless").

Moreover, even if a case is "exceptional," the court must still find, in its discretion, that an award of attorneys' fees is proper. *See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986) ("Even an exceptional case does not require in all circumstances the award of attorney fees."); *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 815 (Fed. Cir. 1990) (affirming district court's exercise of discretion in denying attorneys' fees where patents were found unenforceable for inequitable conduct). Courts consider numerous factors in exercising such discretion, including "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son*, 781 F.2d at 201. Further, in the rare cases in which an award of attorneys' fees is proper, the amount of the award should still be limited to only that which is necessary to "prevent gross injustice." *See Beckman Instruments, Inc. v. LK Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989); *Forest Labs.*, 339 F.3d at 1329.

### III.     CLUB CAR IS NOT ENTITLED TO ITS ATTORNEYS' FEES

Club Car has failed to prove by clear and convincing evidence that this case is

"exceptional."  There is no evidence of material misconduct, nor is there any evidence of

objectively baseless litigation brought in subjective bad faith.  Club Car's "evidence" shows only

that:  i) the claims at issue were ultimately found to be unpatentable upon re-examination by the

Patent Office; ii) E-Z-GO opposed a stay of this litigation pending re-examination because it

believed it would suffer prejudice from delay; and iii) E-Z-GO inadvertently made a single

mischaracterization in its opposition to the motion to stay (and despite this, the stay was

granted).  Club Car has failed to establish that this case is exceptional under either of the two

tests of *Brooks Furniture* and *iLor*.[4] Nor has Club Car provided any basis for the Court to

exercise its discretion to award attorneys' fees, even assuming *arguendo* that this is an

"exceptional" case (which it is not).  Finally, Club Car's request for attorneys' fees is

procedurally defective.  The request for attorneys' fees should be denied.

### A.     This is Not an Exceptional Case:  Club Car has Not Shown that E-Z-GO Engaged in Any Material Misconduct During the Litigation[5]

Club Car puts forth three arguments that E-Z-GO engaged in material misconduct in the

litigation:  i) E-Z-GO filed suit without engaging in any investigation into the validity of the

asserted claims; ii) E-Z-GO continued to litigate this case after Club Car gave E-Z-GO its draft

Request for Reexamination on November 23, 2009; and iii) E-Z-GO misquoted 35 U.S.C. § 318

---

[4] Club Car's arguments for attorneys' fees are insubstantial and require this Court to reject Federal Circuit law, as is explained herein.  E-Z-GO notes that Federal Circuit law also holds that "[u]nfounded requests for sanctions are themselves frivolous and sanctionable."  *Nordberg, Inc. v. Telsmith, Inc.*, 82 F.3d 394, 398 (Fed. Cir. 1996).

[5] Club Car does not contend that there was any misconduct (*i.e.*, inequitable conduct) during prosecution of the original application resulting in the '881 patent, nor during the reexamination proceedings.

thereby changing its meaning.  *See* Club Car Br. at 8-10.  None has merit and, indeed, Club Car

has cited to no case or authority where a court has awarded attorneys' fees on these or similar

facts.  That is because to do so would be contrary to clear Federal Circuit law and Congress'

admonition that § 285 be applied sparingly in light of common sense and the American Rule.

Club Car's argument that E-Z-GO should have performed a pre-suit investigation into the

validity of the asserted claims flies in the face of the '881 patent's statutory presumption of

validity under 35 U.S.C. § 282.  Club Car has cited no authority holding that there exists any

obligation to conduct such an investigation.  Nor has Club Car offered any evidence that E-Z-GO

did not conduct such an investigation.

Moreover, to the extent that Club Car asserted invalidity ***prior to*** the filing of the

Complaint, E-Z-GO analyzed Club Car's cited prior art and determined that Club Car's

assertions were unfounded and so informed Club Car.  *See* Tate Decl., Ex. A, June 29, 2009

letter from B. St. Amour; Ex. I, July 17, 2009 letter from R. Isackson.  Club Car in fact conceded

the point when it abandoned its claims of invalidity based on those four prior art references[6] and

instead, ***after this litigation had commenced,***  relied on a suite of entirely different prior art

references in the Request that Club Car presented to E-Z-GO and then filed in the Patent Office.

*See* Tate Decl. Ex. A, June 29, 2009 letter from B. St. Amour; Ex. B, Filed Request.

Club Car repeatedly argues that E-Z-GO should have stopped litigating this case after

Club Car shared its draft Request for Reexamination because it "unquestionably *knew* of the

prior art that invalidated its patent."  *See* Club Car Br. at 9 (emphasis in original).  But Club Car

presents no evidence that E-Z-GO "knew" that the patent claims were invalid.  As discussed

---

[6] Pre-suit activities are not even a relevant consideration for determining, under the applicable
test, whether there was material "misconduct *during*… litigation."  *iLor*, 631 F.3d at 1377
(emphasis added).

above, E-Z-GO analyzed the prior art proffered by Club Car and disagreed with Club Car's conclusion. E-Z-GO vigorously defended its position in the re-examination proceedings, and immediately upon withdrawing its appeal, sought a stipulation to dismiss this case with prejudice (which Club Car refused). Indeed, E-Z-GO's patent claims are not yet invalid. The asserted claims are still valid until the Director of the Patent Office issues a reexamination certificate cancelling the claims, which has not yet occurred. *See* 35 U.S.C. § 316; *In re Bingo Card Minder Corp.*, 152 F.3d 941 (Table), 1998 WL 130514, at *2 (Fed. Cir. 1998) ("Before the courts, a patent is presumed valid and it remains so until 'it is no longer viable as an enforceable right.' . . . Because the Commissioner has not yet issued a certificate canceling the claims, they have not been finally determined to be unpatentable.").

Notwithstanding this, E-Z-GO did not and should not have known its claims would be found unpatentable until it withdrew its appeal of the BPAI's decision to the Federal Circuit or, at the very earliest, when the Examiner issued what is called the Action Closing Prosecution on April 30, 2010, finally rejecting E-Z-GO's and its expert's arguments for confirming patentability (putting aside the fact that as of that date, E-Z-GO still did not have the right to appeal the Examiner's decision[7], which E-Z-GO subsequently exercised in good faith). *See* Tate Decl. Ex. D, Apr. 30, 2010 Action Closing Prosecution. Fatal to Club Car's argument, these dates are all well ***after*** this case was stayed on January 12, 2010. *See* Dkt. No. 35, Jan. 12, 2010 Order.

With respect to other alleged litigation misconduct, it bears mention that as soon as E-Z-GO determined to withdraw its appeal and accept the Patent Office's determination of

---

[7] It is not until the Patent Office issues a Right of Appeal Notice that E-Z-GO has the right to appeal the Examiner's rejections to the BPAI. *See* 37 C.F.R. 41.61. Here, that did not occur until August 9, 2010. *See* Tate Decl. Ex. J, Right of Appeal Notice.

unpatentability for the asserted claims, and even before the appeal had been actually withdrawn, E-Z-GO attempted in August 2011 to dismiss this case with prejudice by asking Club Car to enter into a stipulation or otherwise, which Club Car refused to do. *See* Tate Decl. ¶¶ 2, 3; Ex. G, Dec. 22, 2011 Litigation Update.

Club Car's argument is merely an attempt to use the fact that the asserted claims were found to be unpatentable in reexamination "to bootstrap the argument that they were asserted in bad faith, absent clear and convincing evidence that [the plaintiff] had reason to believe the claims were invalid." *McNeil-PPC*, 337 F.3d at 1372 ("A patent owner has the 'right to exclude others from making, using, and selling the invention and to enforce those rights until [its patents are] held invalid [or expire].'"). This tactic has been soundly rejected by the Federal Circuit. *Id.*

The Federal Circuit's decision in *Sentex* is particularly instructive. As in this case, the defendant in *Sentex* brought the plaintiff's *own prior art articles* to the plaintiff's attention *after* the suit had been filed, along with "a thorough explanation from [the defendant] as to how the [prior art] had disclosed its claimed invention." *Sentex*, 2000 WL 748070, at *3. The plaintiff disagreed that the prior art invalidated its patent and pressed on with the litigation. The district court later found, on summary judgment, that the patent was invalid and awarded the defendant its attorneys' fees, in part because of the plaintiff's "persistence in continuing to litigate the suit after disclosure" of the prior art by the defendant. *See id.* at *1.

The Federal Circuit, however, reversed, finding that the district court committed clear error in holding the case to be exceptional. *See id.* at *3. Specifically, the Federal Circuit held that the *Sentex* defendant's "disclosure of the [prior art] and its view of how the articles impacted the '741 patent did not mandate that [the plaintiff] cease litigation at that time" because a defendant's arguments "do not amount to an objective review of the evidence or a determination

that the patent is invalid." *Id.* "Continuing to litigate in this context does not indicate a level of bad faith necessary to characterize the case as exceptional." *Id.*; *see also Safeflight, Inc. v. Chelton Flight Sys.*, No. 5:05-cv-2622, 2008 U.S. Dist. LEXIS 123200 at *7, *9-*12 (N.D. Ohio Apr. 24, 2008) (finding no misconduct where plaintiff was presented with prior art that it had previously known about, plaintiff refused to dismiss the case "early in the litigation" in light of the prior art, plaintiff requested multiple extensions, and claims were found invalid on summary judgment).

On Club Car's third argument of alleged misconduct, that E-Z-GO mischaracterized 35 U.S.C. § 318 in its papers opposing Club Car's motion to stay, with due respect to both Club Car and the Court, a single and inadvertent mischaracterization (*see* Dkt. No. 38, Motion for Reconsideration at 3) does not warrant a finding that this case is exceptional. This is not the type of material misconduct that the Federal Circuit has found to warrant attorneys' fees. *See Brooks Furniture*, 393 F.3d at 1381 ("material inappropriate conduct related to the matter in litigation such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions"); *Digeo, Inc. v. Audible, Inc.*, 503 F.3d 1362, 1369 (Fed. Cir. 2007) ("merely negligent conduct does not suffice to establish that a case is exceptional"). Moreover, the mischaracterization cannot be said to be "material," as the stay was granted by the Court, over E-Z-GO's opposition.

> **B.     This Case is Not Exceptional:  Club Car has Not Shown that E-Z-GO Brought this Case in Subjective Bad Faith Or that the Litigation Was <u>Objectively Baseless, Let Alone Both</u>**

Club Car also has failed to show by clear and convincing evidence that "both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *iLor*,

631 F.3d at 1377 (quoting *Brooks Furniture*, 393 F.3d at 1381).

Club Car's singular argument that E-Z-GO brought this case in subjective bad faith is predicated on E-Z-GO allegedly knowing about one of the eight prior art references presented in Club Car's Request for Reexamination—an E-Z-GO owner's manual.  *See* Club Car Br. at 11. Put aside the fact that Club Car offers no evidence of knowledge by any percipient witness to support this argument, a relevant inquiry is whether E-Z-GO knew or should have known that the E-Z-GO owner's manual invalidated the '881 patent (not simply whether E-Z-GO knew that it existed).  The fact of the matter is that the E-Z-GO owner's manual has not invalidated and does not invalidate the asserted claims because *it does not disclose all of the claim elements.*  Club Car *never* argued that the owner's manual, by itself, made the asserted claims unpatentable.  *See, e.g.,* Tate Decl. Ex B, Request for Reexamination at 5-6.  The Patent Office *never* found that the owner's manual, by itself, made the asserted claims unpatentable.  *See, e.g.,* Tate Decl., Ex. K, Jan. 14, 2010 Non-Final Rejection at 9-11, 14-15.  Rather, all of Club Car's arguments in its Request for Reexamination regarding the E-Z-GO owner's manual involved applying it *in combination with some other prior art reference,* none of which E-Z-GO knew or should have known about *prior to the suit (and Club Car does not so argue).*  Thus, for this reason alone, Club Car has failed to carry its high burden of proof that E-Z-GO brought this lawsuit in subjective bad faith.

Club Car's argument fails for yet another, more fundamental reason.  As noted, the asserted claims of the '881 patent have a presumption of validity that, in this Court, Club Car would have had to overcome by a clear and convincing burden of proof.  That Club Car did not do.  Instead, Club Car took the battle to the Patent Office and instituted a reexamination proceeding.  Before the Patent Office, however, the burden of proof is merely to show

unpatentability by a preponderance of the evidence. This is all that Club Car achieved – there has been no adjudicated determination of invalidity or unenforceability.[8] Thus, Club Car cannot establish through the results of reexamination that E-Z-GO knew or should have known of the *invalidity* of the asserted claims when it filed the Complaint when, simply put: there has been no determination of invalidity, and the Patent Office, not the Court, found the claims unpatentable well after this action was stayed by applying a lower burden of proof than required to establish invalidity. For this additional independent reason, Club Car cannot establish that E-Z-GO had any subjective bad faith when it filed this case.[9]

Club Car has also not shown that E-Z-GO's position on validity was objectively baseless at any point during these proceedings. Club Car does not explain, and offers no evidence showing, why "no reasonable litigant could believe that they would have been successful in this case." Club Car Br. at 11. Parties can, as here, reasonably disagree as to the effect of prior art on invalidity or unpatentability, and that one of them is ultimately proven wrong does not mean that party was unreasonable or advanced its claims in bad faith. *See Brooks Furniture*, 393 F.3d at 1384 ("Bringing an infringement action does not become unreasonable in terms of [§] 285 if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a

---

[8] Club Car's brief thus misstates the facts when it contends that the "Patent Office has declared the asserted claims of [E-Z-GO's] patent invalid and unenforceable" Club Car Br. at 1. The issues of validity and enforceability are for this Court to determine, not the Patent Office. *See e.g., Ethicon v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). Rather the Patent Office decides only whether the claims are patentable under the Patent Act. *See id.*

[9] Club Car's further argument that "Textron *maintained* this lawsuit in subjective bad faith with knowledge that its patent infringement claims were baseless from December 7, 2009 to the end," Club Car Br. at 11 (emphasis added), improperly applies the first prong of the two prong *Brooks Furniture* test. The correct inquiry is whether "the litigation is *brought* in subjective bad faith," not maintained in bad faith. *See Brooks Furniture*, 393 F.3d at 1381-84 (addressing prong (1) in terms of the plaintiff's knowledge prior to filing of the case). Even putting this aside, there was no subjective bad faith for all of the reasons stated in section III.A, *supra*, and in this section.

patentee's ultimate incorrect view of how a court will find does not of itself establish bad faith."); *Safeflight*, 2008 U.S. Dist. LEXIS 123200, at *7-*9 (argument that patent was not invalid because defendant's definition of person of ordinary skill in the art was too broad was not baseless even when the court adopted defendant's definition and found patents invalid on summary judgment); *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04-cv-100, 2007 U.S. Dist. LEXIS 11548, at *11 (W.D. Mich. Feb. 20, 2007) ("Whirlpool's knowledge of the prior art that ultimately lead to the Court's finding of invalidity does not persuade this Court that Whirlpool's litigation position was frivolous or baseless.").

Indeed, there are many reasons why a reasonable litigant could have expected to succeed when Club Car filed its Request for Reexamination after litigation commenced:

- First, there is the possibility that the Patent Office would not grant Club Car's Request, and in that event, Club Car would have had to prove invalidity with clear and convincing evidence before this Court, rather than prove unpatentability with a preponderance of the evidence.

- Second, regardless of the Patent Office's decision to grant or deny the Request for Reexamination, this Court could have denied Club Car's motion to stay, and the Court's determination on invalidity based on clear and convincing evidence and after any appeals would have been binding on the Patent Office in any reexamination proceeding. *See* 35 U.S.C. § 317(b); Dkt. No. 41, Jan. 26, 2010 Order at 3.

- Third, even if the Patent Office granted the Request for Reexamination and this Court stayed the case, the Patent Office could have found that the cited prior art did not render the claims unpatentable. Here, it is true that the Examiner initially adopted many of Club Car's arguments for unpatentability, but the Examiner also rejected some. *See* Tate Decl. Ex. K, Jan. 14, 2010 Non-Final Rejection.

- Fourth, even if the as-asserted claims were initially rejected by the Examiner, the Examiner could have found that the amended claims were patentable. E-Z-GO made many good faith and not objectively baseless arguments that its amended claims should be allowed. *See* Tate Decl. Ex. C, Mar. 15, 2010 Response and Claim Amendment; Ex. E, Nov. 22, 2010 BPAI Appeal Brief. Indeed, the Examiner found that E-Z-GO's amendments and arguments in support thereof overcame many of the Examiner's objections, although the Examiner and the BPAI ultimately found that the amendments did not overcome all of them. *See* Tate Decl. Ex. D, Apr. 30, 2010 Action Closing Prosecution, Ex. L, Apr. 28, 2011 BPAI Decision.

- Fifth, the Federal Circuit could have reversed the BPAI's decision. It was not until E-Z-GO withdrew its appeal to the Federal Circuit when no reasonable litigant could expect to succeed.

**C.** **The Court Should Exercise its Discretion To Deny an Award of Attorneys' Fees on the Facts of this Case**

Even if the Court finds that this case is exceptional, it should exercise its discretion in not awarding attorneys' fees. The Court ordered this case stayed less than four months after it was filed—not even long enough for discovery to have commenced. After the case was stayed, E-Z-GO did nothing other than to ask the Court to reconsider its decision based on a statutory overruling of a case relied on by the Court and to attempt to dismiss this case by stipulation. *See* Dkt. No. 38, Motion for Reconsideration at 2-3; *see* Tate Decl. ¶¶ 2, 3. Had Club Car agreed to a stipulated dismissal with prejudice, this case could have been finally disposed of as early as August 2011, obviating the need for Club Car's current motion. *See* Tate Decl. ¶ 2.

The reexamination proceeding in the Patent Office was hard fought. For every argument that E-Z-GO offered, Club Car came back with dozens of pages of counter argument and additional prior art references. *See, e.g.,* Tate Decl. Ex. C, Mar. 15, 2010 Response and Claim Amendment; Ex. M, April 14, 2010 Club Car's Comments on E-Z-GO's Amendments and Response. Notably, the Examiner eventually rejected many but not all of Club Car's proposed rejections, with E-Z-GO appealing the Examiner's decision to the BPAI. *See* Tate Decl. Ex. D, Apr. 30, 2011 Action Closing Prosecution at 3-16. Although the final outcome of the Patent Office's reexamination was not in E-Z-GO's favor, Club Car's failure to file a counterclaim for declaratory judgment of non-infringement suggests that E-Z-GO had a strong case on infringement.

Taking the above into consideration, it cannot be said that Club Car's cost related to its Motion to Stay and to E-Z-GO's Motion for Reconsideration is not "a fair allocation of the

burdens of litigation as between winner and loser" or that it represents some "gross injustice." *S.C. Johnson & Son*, 781 F.2d at 201; *Forest Labs.*, 339 F.3d at 1329.  Courts routinely exercise their discretion to deny attorneys' fees even after finding a case to be exceptional.  *See, e.g., eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 599-601 (D. Del. 2006) (finding that case was exceptional, but denying attorneys' fees because it "was a hard fought case with a split verdict" on infringement and invalidity, inequitable conduct issue was "likewise hard fought," and the manner in which counsel litigated the case "cannot be characterized as warranting fee shifting"); *McKesson Info. Solutions Inc. v. Bridge Med., Inc.*, No. S-02-2669, 2006 WL 2583025, at *8 (E.D. Cal. Sept. 6, 2006) (finding case exceptional, but denying attorneys fees because, among other reasons, plaintiff's claims and defenses were not frivolous and plaintiff's conduct in the case did not exceed the "'normal bounds of aggressive advocacy'" such that they could be called vexatious litigation tactics); *see also Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 04-754, 2007 WL 4300155 (D.N.J. Dec. 5, 2007) ("even if [the Court] had found subjective bad faith to have been established by clear and convincing evidence, it would deny the motion for attorneys' fees in its discretion as a review of the totality of the circumstances in this case compels the conclusion that Teva's behavior throughout the case simply did not rise to the level at which a grant of attorneys' fees to plaintiffs would be appropriate").

### D.  Club Car's Request for Attorneys' Fees Is Procedurally Defective

Requests for attorneys' fees under § 285 must be made in compliance with Fed. R. Civ. P. 54(d)(2)(B), which requires that "the motion [for attorneys' fees] must:… state the amount sought or provide a fair estimate of it…."  *See Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306 (Fed. Cir. 2009).  Club Car fails to state any amount of fees or when such fees were incurred, and does not justify the reasonableness of its claim.  Thus, Club Car's motion for

fees should be denied on this ground alone, as factually and procedurally defective.

Club Car also requests an award including its attorneys' fees in connection with the reexamination proceedings before the Patent Office. Club Car cites no authority in support of its claim that an exceptional *case* may warrant an award of reasonable attorneys' fees for proceedings taking place in a different, administrative forum. Section 285 is limited to fee shifting in court actions in exceptional cases. Club Car's request for attorney's fees related to the reexamination should therefore be scrutinized under the Patent Office rules of procedure for reexaminations, 37 C.F.R. § 1.902 *et seq.* As E-Z-GO is not aware of any Patent Office rule allowing for fee shifting arising out of reexamination proceedings, and Club Car has not cited any, the American Rule should apply to bar Club Car's claim. Moreover, Club Car should not be entitled to circumvent the Patent Office's rules by lumping an unidentified and unsubstantiated attorneys' fees claim based on the reexamination in with its no less improper unidentified and unsubstantiated claim for attorneys' fees associated with this action.

## IV.    CONCLUSION

For the reasons stated herein, E-Z-GO respectfully requests that the Court lift the stay and dismiss the case with prejudice as to claims 32-38 of the '881 patent and deny Club Car's motion to declare this case exceptional and for an award of its reasonable attorneys' fees.

Dated: April 23, 2012

FULCHER HAGLER LLP


By: s/Sonja R. Tate
Sonja R. Tate (GA Bar No. 698840)
Michael N. Loebl (GA Bar No. 455709)
One 10th Street, Suite 700
Augusta, Georgia 30901
Tel:  (706) 724-0171

*Attorneys for Plaintiffs*
*E-Z-GO (a division of TEXTRON INC.)*
*and TEXTRON INNOVATIONS INC.*

*Of Counsel:*

Robert M. Isackson
Nicholas H. Lam
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, New York 10019
Tel:  (212) 506-5000