UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATION INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 1:09-CV-00119 |
| v. | ) ) ) | |
| CLUB CAR, INC., | ) ) ) | |
| Defendant | ) ) | |

**CLUB CAR'S REPLY
IN SUPPORT OF ITS MOTION TO LIFT THE STAY OF LITIGATION, DISMISS
PLAINTIFFS' SUIT WITH PREJUDICE, AND AWARD DEFENDANT REASONABLE
ATTORNEY FEES PURSUANT TO 35 U.S.C. § 285**

---

E-Z-GO incorrectly believes this Motion was brought by Club Car simply because E-Z-GO lost the lawsuit. Nothing could be further from the truth. This Motion was brought because of the *way* E-Z-GO lost the lawsuit. Patent cases, of course, are lost routinely, and the losing party does not always face a motion to declare the case exceptional. It is also true that, as a rule, litigants bear their own legal fees. But, what is a defendant to do when it faces an overzealous plaintiff who will not be reasonable? At some point, it is unfair to force the defendant to bear the costs of improperly forced litigation. At some point, it is properly within the court's discretion to shift the costs to the unreasonable plaintiff. 35 U.S.C. § 285 provides an exception to the general rule that litigants should bear their own costs, and it applies to this lawsuit.

I.  **THE COURT SHOULD GRANT CLUB CAR AN AWARD OF REASONABLE ATTORNEY FEES BECAUSE THIS CASE IS EXCEPTIONAL UNDER 35 U.S.C. § 285**

Club Car did not ask for this lawsuit. E-Z-GO forged ahead with it despite multiple attempts by Club Car to show E-Z-GO the error of its ways. Two factors especially warrant a declaration from the Court that this case is exceptional: 1) E-Z-GO's continued pursuit of Club Car after December 7, 2009; and 2) E-Z-GO's misconduct during briefing of the motion to stay. It would be grossly unjust for Club Car to have to bear the costs of this litigation in the face of at least those two factors alone.

A. Law Regarding the Award of Fees

The purpose of 35 U.S.C. § 285 is to provide the court with discretion to compensate the prevailing party for costs it would not have incurred but for the conduct of the losing party. *Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Where it would be grossly unjust for the prevailing party to be forced to bear the cost of legal counsel, the court has discretion to award fees. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1364 (Fed. Cir. 1990). "[T]he trial court has broad discretion in the criteria by which it determines whether to award attorney fees." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1582 (Fed. Cir. 1992). And, the court's determination of whether a case is exceptional is a factual determination reviewed for clear error and its determination of whether attorney fees should therefor be awarded is reviewed for an abuse of discretion. *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1366-67 (Fed. Cir. 2007).

B. E-Z-GO's Continued Pursuit of Club Car After December 7, 2009, Was Manifestly Unreasonable

On December 7, 2009, representatives from Club Car, Ingersoll Rand, E-Z-GO, and Textron, and their respective legal counsel met at the Pinnacle Club in Augusta. Second Declaration of Thomas S. Reynolds II at ¶ 8 (hereinafter "Second Reynolds Decl.") attached hereto as Exhibit A. Club Car expended significant time and expense in arranging and attending the meeting in an effort to show E-Z-GO that this was a matter to be taken seriously and a lawsuit that E-Z-GO should reconsider.

At least two weeks before the meeting and again at the meeting, Club Car brought to E-Z-GO's attention multiple prior art references that impacted the validity of the patent-in-suit. Second Reynolds Decl. at ¶ 2. At least five of those references (i.e., USPN 4,730,151 to Florey et al.; USPN 5,376,869 to Konrad; USPN 5,568,024 to Suzuki; USPN 5,764,009 to Fukaya et al.; and the E-Z-GO Manual) should have caused E-Z-GO to drop the lawsuit. Four of the five references (Florey, Konrad, Suzuki, and Fukaya) were prior art patents that disclosed *exactly* the invention in at least one of the patent claims E-Z-GO was asserting against Club Car. Second Reynolds Decl. at ¶ 3, pp. 3-8.[1] E-Z-GO's failure to appreciate the impact of all four prior art patents on the validity of the asserted claims was manifestly unreasonable.

The Patent Examiner who handled the reexamination of the patent-in-suit completely invalidated the primary asserted claim – claim 32 – on the basis of each of these four prior art patents alone under 35 U.S.C. § 102. *Id*. That is, the examiner found that the invention claimed

---

[1] E-Z-GO argues in its Response that the Examiner accepted some, but not all, of Club Car's patentability arguments in the reexamination. The reason for this is that in a reexamination the strategy for the party challenging the patent is to put forth as many arguments as possible regarding the ways in which the prior art references can be combined to invalidate the patent at issue. That does not change the simple fact, however, that the Examiner accepted Club Car's position that at least the four prior art patents identified above disclosed *exactly* the invention claimed by E-Z-GO. That was Club Car's core argument in the reexamination and it was adopted by the Examiner.

3

in claim 32 was unpatentable in light of each prior art patent standing on its own. Indeed, these four prior art patents so clearly rendered the asserted claims unpatentable that E-Z-GO could not even amend the asserted claims to preserve their validity. Second Reynolds Decl. at ¶ 4. The asserted claims have now been entirely cancelled as reflected in the Patent Office's issuance of an Inter Partes Reexamination Certificate on May 1, 2012. *Id*.

The last of the five prior art references that should have caused E-Z-GO to drop the lawsuit is the E-Z-GO Manual. The E-Z-GO Manual was close enough to the asserted claims that the Patent Examiner found all but two of them unpatentable under 35 U.S.C. § 103 in view of the E-Z-GO Manual. Second Reynolds Decl. at ¶ 3, pp. 9-11 and 14-15. The Patent Examiner also found the asserted claims unpatentable under 35 U.S.C. § 103 in view of several other prior art references. *Id*. at pp. 8-9 and 11-14. The E-Z-GO manual is especially damaging, however, because there is no way E-Z-GO can deny knowledge of the E-Z-GO Manual or the materiality of it.

Under 37 CFR § 1.56, each individual associated with the filing of a patent application has a duty to disclose to the Patent Office "all information known to that individual to be material to patentability." A prior art reference is "material" if "it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim…" 37 CFR § 1.56(b)(1). The Patent Examiner in the reexamination found asserted claims 32 and 35-38 unpatentable under 35 U.S.C. § 103 using the E-Z-GO Manual. *Id*. at pp. 9-11 and 14-15. There is no question the E-Z-GO Manual was material prior art to the patent-in-suit and E-Z-GO should have disclosed it to the Patent Office when originally prosecuting the patent.

Such a failure of E-Z-GO's duty of disclosure could have been the basis of an inequitable conduct claim. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1179-80 (Fed. Cir. 1995). But, here,

Club Car is simply arguing that, at the very least, E-Z-GO should have dropped this lawsuit when Club Car presented it with the E-Z-GO Manual, pointed out that the Manual had not been properly disclosed to the Patent Office during the prosecution of the patent-in-suit, and illustrated how the Manual rendered the asserted claims unpatentable. *See*, *e.g.*, *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 810 (Fed. Cir. 1990).

E-Z-GO's maintenance of this lawsuit after being presented with the four prior art patents that disclosed *exactly* the invention claimed in the patent-in-suit and the E-Z-GO Manual, which was never disclosed to the Patent Office, make this case exceptional. "Where, as here, the patentee is manifestly unreasonable in assessing [its case], while continuing to assert [its case] in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Id*. at 811.

    C.  <u>E-Z-GO's Litigation Misconduct</u>

E-Z-GO's litigation misconduct is based in its reversal of the meaning of 35 U.S.C. § 318 and then stubbornly petitioning the Court to reconsider the stay ruling. Both actions forced Club Car to waste resources needlessly. E-Z-GO does not deny its misquotation of the law, but appears to argue that the resultant damage to Club Car is *de minimus*. The amount the Court might award Club Car for E-Z-GO's litigation conduct may be relatively small. But, the Court should still award it. Factors to be considered within the discretion of the district court in awarding attorney fees include "closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986).

E-Z-GO did not just misquote 35 U.S.C. § 318. E-Z-GO added the word "only" to its quotation of the statute, thereby completely reversing the meaning of it. E-Z-GO further misled the Court when citing the statute by changing which party it applied to. The statute applied to "patent owners," like E-Z-GO, but E-Z-GO asserted that it applied to third-parties, like Club Car. Lastly, as if E-Z-GO's misstatement of the statute were not enough, E-Z-GO stubbornly petitioned the Court to reconsider the Order granting a stay. By the time of the Petition, however, the order for reexamination had been issued by the Patent Office mooting the primary argument E-Z-GO was asserting for why a stay should not be granted. Second Reynolds Decl. at ¶ 7 and Dkt. 38.

The entire episode was a supreme waste of Club Car's and the Court's time and resources. E-Z-GO certainly had the right to oppose Club Car's motion to stay the litigation. But, E-Z-GO's course of action went beyond mere fair play and caused Club Car to expend resources it never should have had to expend. E-Z-GO should bear those expenses.

### D. E-Z-GO's Opposition Makes Incorrect and Irrelevant Assertions

In its opposition to Club Car's Motion, E-Z-GO spends a significant portion of its brief making three assertions that are incorrect, and nevertheless irrelevant, to the issue of whether E-Z-GO should bear the cost of this litigation.

The first assertion E-Z-GO makes is that somehow E-Z-GO's improper conduct throughout the litigation should be forgiven because E-Z-GO offered to dismiss the case last August and Club Car declined. Club Car takes issue with E-Z-GO's assertions about the correspondence between counsel regarding E-Z-GO's offers to dismiss and Club Car's requests that E-Z-GO cover Club Car's wasted legal fees. Club Car contests E-Z-GO's recollection of the exchange of

voicemails in late 2011. But, that dispute is irrelevant to the issues at hand and Club Car will not waste the Court's time in an effort to prove who left a last voicemail for whom.

The relevant facts are that E-Z-GO did not wrap up its filings in the reexamination proceedings until late December, 2011, the Patent Office did not issue its notice of intent to issue a reexamination certificate until only a little over a month ago, and the reexamination certificate did not issue until May 1, 2012 – less than a week ago.[2] Second Reynolds Decl. at ¶ 4. Club Car did not improperly delay in bringing this Motion. But, even if Club Car had delayed in bringing the Motion, that would be irrelevant. It would not change the fact that E-Z-GO's litigation misconduct cost Club Car significant fees for which E-Z-GO should be held responsible.

The second incorrect, and nevertheless irrelevant, assertion made in E-Z-GO's Opposition is that Club Car's lack of a non-infringement defense somehow proves this was a close case. The assertion is irrelevant because it neither excuses E-Z-GO's litigation misconduct nor makes Club Car whole for the wasted costs it expended. The assertion is also incorrect. That Club Car did not proffer an infringement defense is a testament to how clearly invalid the asserted patent claims were. Club Car was so confident the asserted claims were invalid, and there was so much prior art supporting that position, that asserting a non-infringement defense was unnecessary.

Club Car recognized that it could not speak out of both sides of its mouth. Club Car was asserting that the claims were so broad that they read on multiple prior art references. The Patent Office agreed. To argue, on the other hand, that the claims were not broad enough to cover Club Car's product would have been disingenuous. Often arguing in the alternative is available. But, here, E-Z-GO's claims were so broad, there was no colorable argument of non-infringement – just as there was no colorable argument that the claims did *not* read on multiple prior art

---

[2] It should also be noted that almost no costs have been incurred by Club Car since August, 2011, as shown in the "Cost Breakdown" chart attached to Second Reynolds Decl. as Exhibit 5.

references.  Club Car recognized that it would be disingenuous to argue the claims did not cover its product, and E-Z-GO should have recognized it was disingenuous, and reckless, to argue that the claims did not cover the prior art.

The third incorrect statement E-Z-GO makes in its Opposition is that Club Car is procedurally precluded from recovering its costs because Club Car did not present an accounting of its costs.  The Court has broad discretion in awarding fees under both its inherent authority and 35 U.S.C. § 285.  The Court could hold a hearing or receive briefing on a fair assessment of the costs to assess to E-Z-GO after ruling on whether the case is exceptional.  Nothing requires Club Car to outline the costs it has suffered at this time.  "Section 285 grants the district court the power to award attorney fees in exceptional patent cases, but it places no procedural limitations on the court's ability to make such an award provided it has jurisdiction over the case." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 n.3 (Fed. Cir. 2005).

In the interests of avoiding further cost and delay, however, Club Car is attaching, as Exhibit 4 to the Second Reynolds Decl., a redacted copy of the invoices it paid throughout this litigation and, as Exhibit 5 to the Second Reynolds Decl., a spreadsheet organizing the costs by month and purpose.  If the Court determines E-Z-GO's handling of this case was exceptional, the Court can then award whatever amount it deems reasonable to relieve Club Car of the unnecessary costs it incurred.  At a minimum, Club Car submits it should be awarded the legal fees it spent seeking the stay and addressing E-Z-GO's petition to reconsider the Court's stay ruling.  E-Z-GO's litigation misconduct was most egregious as it related to those issues and there can be no question the fees Club Car was forced to spend in that effort were, at a minimum, significantly increased by E-Z-GO's litigation misconduct.  That amount is $31,249.97.  Second Reynolds Decl. at ¶ 6.

The "Cost Breakdown" chart provides the Court with an organized summary of Club Car's costs in this litigation. Second Reynolds Decl. at ¶ 6. Given Club Car's arguments that E-Z-GO's most egregious conduct was its litigation misconduct and its maintenance of this lawsuit in the face of very strong and troubling prior art, Club Car's costs from December, 2009, (the time of the Pinnacle Club meeting) through August, 2011, (the date E-Z-GO argues it finally gave up on the litigation) should be awarded to Club Car. That amount is $144,413. *Id*.

It also bears mentioning that the Court's discretion in determining how much to award Club Car is broad and can include any amounts the Court finds reasonable. The legal fees expended by Club Car on the reexamination proceedings are certainly reasonable and were equally foisted upon Club Car by this litigation. In *Howes v. Medical Components, Inc.*, 761 F.Supp. 1193, 1198 (E.D.Pa. 1990), the court awarded the prevailing party attorney fees incurred in associated reexamination proceedings because the legal services "were reasonably necessary to this litigation, especially considering how important the … reexamination proceedings were to this litigation." The same is true here. The reexamination proceedings were of the utmost importance to the litigation. They saved the parties and the Court from enduring long, protracted litigation. The $111,427.01 spent by Club Car on legal fees for the reexamination should be awarded to Club Car as being reasonably necessary to deal with the unreasonable litigation brought by E-Z-GO. *Id*.

## II. CONCLUSION

Based on E-Z-GO's manifestly unreasonable pursuit of this litigation after December 7, 2009, and E-Z-GO's litigation misconduct during the parties briefing of the Motion to Stay, Club Car respectfully requests that the Court award Club Car reasonable attorney fees in an amount equal to Club Car's entire cost of defending itself against this lawsuit.

Dated this 7th day of May 2012.

Respectfully submitted,

**TUCKER, EVERITT, LONG, BREWTON & LANIER**

By: s/ A. Montague Miller
GA Bar No. 506100
453 Greene Street
P.O. Box 2426
Augusta, GA 30903-2426
Phone: (706) 722-0771
Facsimile: (706) 722-7028
Email: mmiller@thefirm453.com

and

**HANSEN RIEDERER DICKINSON CRUEGER & REYNOLDS LLC**
Thomas S. Reynolds II
316 North Milwaukee Street
Suite 200
Milwaukee, WI 53202-5885
Phone: (414) 455-7676
Facsimile: (414) 273-8476
Email: thomas@hrdc-law.com

Attorneys for Defendant CLUB CAR, INC.