IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| E-Z-GO (a division of TEXTRON INC.) and TEXTRON INNOVATIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> CLUB CAR, INC., <br><br> Defendant | No. 1:09-CV-00119-JRH-WLB |

**PLAINTIFFS E-Z-GO AND TEXTRON INNOVATIONS INC.'S SUR-REPLY IN RESPONSE TO CLUB CARS' MOTION TO LIFT THE STAY, DISMISS THE CASE, AND FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

# TABLE OF CONTENTS

Page

I. CLUB CAR IS NOT ENTITLED TO ITS ATTORNEYS' FEES ................................... 2

    A.     Club Car's New Assertion that E-Z-GO's Maintenance of the Case After the December 7, 2009 Meeting was "Manifestly Unreasonable" is At Odds With the Law and the Facts ................................................................................ 2

    B.     Club Car's Argument that a Single Inadvertent Mischaracterization and Its New Argument that Filing a Legitimate Motion for Reconsideration Constitute Litigation Misconduct Fail ................................................................... 5

II. CLUB CAR'S ATTORNEYS' FEES ARE NOT REASONABLE ................................. 6

    A.     Any Award of Attorneys' Fees Must Be Related to the Findings of "Gross Injustice" ............................................................................................................. 7

    B.     Club Car has Not Met its Burden of Demonstrating that its Attorneys' Fees are Reasonable ............................................................................................. 7

III. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**C**ASES                                                                                                Page(s)

*Beckman Instruments, Inc. v. LK Produkter AB*,
   892 F.2d 1547 (Fed. Cir. 1989)......................................................................................7

*Case v. Unified School District No. 233*,
   157 F.3d 1243 (10th Cir. 1998) ....................................................................................10

*Eltech Systems Corp. v. PPG Industries, Inc.*,
   903 F.2d 805 (Fed. Cir. 1990)....................................................................................2, 3

*eSpeed, Inc. v. Brokertec USA, L.L.C.*,
   417 F. Supp. 2d 580 (D. Del. 2006)..............................................................................10

*Heinz Kettler GMBH & Co. v. Indian Industries, Inc.*
   592 F. Supp. 2d 880 (E.D. Va. 2009) .............................................................................5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983).......................................................................................................7

*Hepsen v. J.C. Christensen & Assocs., Inc.*
   394 Fed. Appx. 597 (2010) ..........................................................................................10

*Norman v. Housing Authority of City of Montgomery*,
   836 F.2d 1292 (11th Cir. 1988) .................................................................................7, 8

*Sentex Systems, Inc. v. Elite Access Systems, Inc.*,
   250 F.3d 756, 2000 WL 748070 (Fed. Cir. 2000) ......................................................3, 4

*Speedplay, Inc. v. Bebop, Inc.*,
   211 F.3d 1245 (Fed. Cir. 2000)..................................................................................3, 4

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011)......................................................................................4

**S**TATUTES

35 U.S.C. § 285............................................................................................................ *passim*

35 U.S.C. § 318.......................................................................................................................5

Club Car's refusal to abide by well-established procedural requirements—asserting new arguments and evidence on Reply—has forced E-Z-GO to file this Sur-Reply. Despite this piecemeal approach, Club Car still has not proven by clear and convincing evidence that this case is exceptional to warrant an award of attorneys' fees under 35 U.S.C. § 285.

Club Car continues to ignore the relevant standards, test and law that govern its request under Section 285. *See* E-Z-GO Response Br. at 5-8. It cannot cite a single case in which attorneys' fees were awarded on or even close to the facts of the case at bar. To the contrary, Club Car concedes that the case was not baseless when filed by admitting infringement and further that the patent is presumed valid. Rather, for the first time in its Reply, Club Car now appears to argue that it was "manifestly unreasonable" for E-Z-GO to maintain the case after December 7, 2009. As the basis for its position, Club Car argues that E-Z-GO should have dropped the suit when it provided prior art references at a settlement meeting on December 7, 2009. But this argument fails because it ignores the fact that these prior art references alone were not the basis for the Patent Examiner's ultimate finding of unpatentability.

Likewise, Club Car's accusations of misconduct by E-Z-GO are unfounded. While E-Z-GO may have inadvertently mischaracterized a statute in its opposition to the motion to stay, it was merely an error—not clear and convincing evidence of misconduct—and had no affect on the posture of the case.

Moreover, in a late attempt to correct its procedural deficiency of failing to submit any statement or evidence of the amount of fees sought in its opening brief, the proffered billing records are so redacted that they are hopelessly vague and ambiguous. Furthermore, Club Car has failed to provide the required information, particularly specific billing rates, that would

permit this Court to engage in its duty to determine whether Club Car's claim for attorneys' fees is reasonable. Club Car's motion for attorneys' fees should be denied.

## I. CLUB CAR IS NOT ENTITLED TO ATTORNEYS' FEES

### A. Club Car's New Assertion that E-Z-GO's Maintenance of the Case After the December 7, 2009 Meeting was "Manifestly Unreasonable" is At Odds With the Law and the Facts

Club Car's newest argument is that E-Z-GO's belief that its patent was valid after meeting with Club Car and being presented with certain prior art on December 7, 2009 (well after the suit was filed) was "manifestly unreasonable" and justifies an award of attorneys' fees. *See* Club Car Reply Br. at 3. This argument fails both on the law and the facts.

***On the Law***. Club Car cites no case precedent that awards attorneys' fees on the facts presented here—a plaintiff who believed that its federally issued patent was valid despite being challenged on validity and presented with prior art in litigation. In fact, the applicable case law precedent compels a finding that this case is not exceptional. *See* E-Z-GO Response Br. at 9-13 (no material misconduct), 13-17 (case was not brought and maintained in subjective bad faith and E-Z-GO's validity position was not objectively baseless).

Club Car's sole authority, *Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805 (Fed. Cir. 1990), is readily distinguishable. In *Eltech*, the court found that the patentee's claims of infringement were unsupported by technical or legal analyses. *See Eltech*, 903 F.2d at 808, 810-11. That is not the case here. In this case, Club Car ***admits*** that it infringed E-Z-GO's patent, *see* Club Car Reply Br. at 7 (Club Car had "no colorable argument of non-infringement"), but nevertheless argues that the case is "exceptional" because E-Z-GO did not "give up" the moment Club Car asserted invalidity. The Federal Circuit, in specifically distinguishing *Eltech*,

2

has held that it is clearly erroneous to find a plaintiff "manifestly unreasonable" when it defends the validity of its patent:

> [T]he [district] court concluded that Sentex was unreasonable in defending the validity of the '741 patent and continuing the litigation after the disclosure of the AID articles. ***There is, however, a strong presumption of validity for issued patents. See 35 U.S.C. 282 (1994). Prior to the resolution of the claim construction and validity issues by the court, the parties contested whether the AID articles were invalidating prior art. Sentex was not unreasonable in defending the claims at issue and did not unnecessarily continue the litigation in so doing.***

*Sentex Systems, Inc. v. Elite Access Systems, Inc.*, 250 F.3d 756, 2000 WL 748070, at *2 (Fed. Cir. 2000) (emphasis added).

Similarly, in *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245 (Fed. Cir. 2000), the Federal Circuit again specifically distinguished *Eltech* and affirmed that a case is not exceptional even where the ultimate finding of invalidity was due to the plaintiff's own conduct (sale of its invention more than one year prior to the filing of the patent application). *Speedplay*, 211 F.3d at 1260. The Federal Circuit rejected defendant's argument that the plaintiff failed to adequately search its sales records and that "it incurred unnecessary legal fees preparing for trial on issues" regarding the later invalidated patent, holding that the "discovery of an invoice for a sale that predated by two months the date previously given for its first sale does not constitute such egregious conduct as to compel the court to treat this as an exceptional case." *Id.*

***On the Facts***. Club Car misstates the strength of the prior art that it disclosed in its December 7, 2009 Request for Reexamination ("Request"). Though Club Car's Request was granted and the Examiner initially rejected the asserted claims, E-Z-GO was able to clarify the scope of its invention and distinguish, by amendment, *all five* of the prior art references that Club Car asserts "should have caused E-Z-GO to drop the lawsuit." Club Car Reply at 3 (citing Florey, Konrad, Suzuki, Fukaya, and the E-Z-GO Manual). Accordingly ***the Examiner rejected***

3

***all*** *of the arguments for unpatentability that Club Car proposed in its Request*. *See* Dkt. No. 50-5, Ex. D to Declaration of Sonja R. Tate in Support of Plaintiffs' Response to Club Car's Motion ("Tate Decl."), at 3-16.  While the claims were eventually found unpatentable by the Patent Office, it was due to additional, new prior art that Club Car first submitted to the Patent Office months later *on April 14, 2010.*[1]  *See* Dkt. No. 50-14, Ex. M to Tate Decl. at 2-3 (submitting additional prior art); Dkt. No. 50-5, Ex. D to Tate Decl. at 16-32 (all of Examiner's rejections requiring at least one of three new prior art references:  Curtis 1244, Curtis 1243, and Klimo).

Club Car's vague reference to inequitable conduct is nothing more than an unfounded specter.  Club Car could have, but did not, assert inequitable conduct in the lawsuit, and the plain facts show that it could never meet the requirement of clear and convincing evidence of (i) materiality and (ii) an intent to deceive the Patent Office required to support such an allegation. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011).  The false accusation is based solely on the assertion that the E-Z-GO Manual discloses some elements of the claimed invention.  *See* Club Car Br. at 4.[2]  What the E-Z-GO Manual discloses, however, are elements that even the very earliest golf cars would disclose:  an electric motor, batteries, a battery charge indicator, an accelerator pedal, a key switch, etc.  *See* Dkt. No. 50-12, Ex. K to Tate Decl. at 9-10.  The E-Z-GO Manual is completely redundant of the prior art

---

[1] As discussed in its Response, the unpatentability of E-Z-GO's patent claims was not established until April 28, 2011, the date the Board of Patent Appeals and Interferences affirmed the Examiner's rejections, and certainly no earlier than April 30, 2010, when the Examiner issued the Action Closing Prosecution, rejecting E-Z-GO's claims based on the prior art that Club Car first disclosed on April 14, 2010.  *See*  E-Z-GO Response Br. at 11.

[2] As demonstrated by *Sentex* and *Speedplay*, the mere fact that invalidating prior art was the patent owner's own is insufficient to make a case exceptional under 35 U.S.C. § 285.  *See* E-Z-GO Response Br. at 12-13.

references that E-Z-GO disclosed or the Examiner considered during the original prosecution that led to the issuance of the presumptively valid asserted patent. *See* '881 patent at 1-3 ("References Cited"). Crucially, in the reexamination proceeding ***the Examiner found that the E-Z-GO Manual did not disclose the inventive aspects of the claimed invention***:

> E-Z-GO fails to teach a brake pedal position sensor providing a brake pedal position input, and a controller that decreases the speed of the motor through regenerative braking when the vehicle operator releases the throttle pedal while the vehicle is in motion and the brake pedal is not engaged. The teachings of Florey et al. are discussed in detail above. In Florey et al., a

*See* Dkt. No. 50-12, Ex. K to Tate Decl. at 10. Thus, Club Car's assertion that the E-Z-GO Manual is a material piece of prior art is a mischaracterization, at best.

### B. Club Car's Argument that a Single Inadvertent Mischaracterization and Its New Argument that Filing a Legitimate Motion for Reconsideration Constitute Litigation Misconduct Fail

Club Car's attempt to transmute a single, inadvertent mischaracterization into "litigation misconduct" is futile and without supporting authority. *See* Club Car Reply Br. at 5. While E-Z-GO may have overstated its position, it was done in the spirit of zealous advocacy, not litigation misconduct.[3] E-Z-GO's effort to avoid the prejudice of a stay (which the Court found existed)

---

[3] While not seeking to defend the error, E-Z-GO notes that its inadvertent mischaracterization of Section 318 was not completely without legal basis. As E-Z-GO argued in its Opposition to the Stay, courts have found that motions to stay by alleged infringers prior to the issuance of an order for reexamination are premature. For example, in *Heinz Kettler GmbH & Co. v. Indian Industries, Inc.* 592 F. Supp. 2d 880 (E.D. Va. 2009), cited by E-Z-GO in its Opposition to the Stay (Dkt. No. 30 at 4), the court stated:

> The plain language of 35 U.S.C. § 318 renders [the alleged infringer's] motion premature. That section indicates that a stay may be obtained *once an order for reexamination has been issued*, and does not seem to contemplate that a stay is appropriate before reexamination has been ordered.

*Heinz Kettler*, 592 F. Supp. 2d at 882 (emphasis in original). Thus, the holding in *Heinz Kettler* is exactly the position taken by E-Z-GO and which Club Car believes E-Z-GO should be penalized for advancing.

5

pending the reexamination proceeding was legitimate and is not clear and convincing evidence of "material inappropriate conduct." *See* E-Z-GO Response Br. at 6, 13. Moreover, Club Car concedes that the mistake was immaterial by failing to establish that it altered the outcome. *See* E-Z-GO Response Br. at 13. Nor has Club Car identified any *extra* effort it expended in connection with identifying and correcting E-Z-GO's mischaracterization.

Club Car newly asserts in its Reply that E-Z-GO's Motion for Reconsideration of Order Granting Stay amounts to "litigation misconduct." *See* Club Car Reply Br. at 6. However, as this Court found in ruling on E-Z-GO's Motion for Reconsideration, the motion had legal merit[4] and thus was neither moot nor abusive as Club Car suggests. *See* Club Car Reply Br. at 6. Indeed, finding a case exceptional under Section 285 and awarding fees based on filing a motion seeking reconsideration of a stay order predicated on legitimate legal grounds, even if ultimately unsuccessful, is without precedent and would have an improper chilling effect on legal jurisprudence.

## II. CLUB CAR'S ATTORNEYS' FEES ARE NOT REASONABLE

Even if the Court were to find that this case is exceptional under 35 U.S.C. § 285—which it plainly is not—and were also willing to consider Club Car's belated proffer of evidence (*see* E-Z-GO Response Br. at 18-19), and exercise its discretion to award attorneys' fees, the Court should award attorneys' fees only: i) to the extent they are necessary to prevent "gross injustice"; and ii) to the extent they are proven to be reasonable.

---

[4] *See* E-Z-GO Response Br. at 3-4 (discussing Motion for Reconsideration and the Court's determination regarding the Motion).

6

### A. Any Award of Attorneys' Fees Must Be Related to the Findings of "Gross Injustice"

Under controlling Federal Circuit law, the amount of an attorneys' fees award under Section 285 to prevent "gross injustice" should be related to the basis of the "gross injustice." *See Beckman Instruments, Inc. v. LK Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989) ("Since any injustice present in this case is based upon LKB's bad faith and misconduct during litigation, the penalty imposed must in some way be related to bad faith and misconduct."). In *Beckman*, because "[i]t was only after the lawsuit was begun that LKB engaged in misconduct, requiring Beckman to expend *extra* legal effort to counteract their misconduct," the amount that should be awarded to prevent gross injustice is the "portion of [Beckman's] attorney fees which related to the vexatious litigation strategy and other misconduct." *Id.* (emphasis in original).

As E-Z-GO strongly believes there is no basis to find that this case is exceptional, it is difficult for E-Z-GO to anticipate which portions of Club Car's requested attorneys' fees that this Court may award to Club Car. Accordingly, E-Z-GO reserves the right to dispute whether any award of attorneys' fees is related to and necessary to prevent "gross injustice."

### B. Club Car has Not Met its Burden of Demonstrating that its Attorneys' Fees are Reasonable

In the Eleventh Circuit, the starting point for the objective calculation of reasonable attorneys' fees is the lodestar method, *i.e.,* "multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1329 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Club Car does not address and, in any event, fails to meet this standard in its opening and reply briefs.

***Reasonable Hourly Rates.*** "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* ("[S]atisfactory

evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."). Here, Club Car has completely failed to satisfy its burden under *Norman* because it has produced no such evidence. Club Car does not even identify what its proposed hourly rates are. And because Club Car does not indicate which of the individuals listed in its 95 pages of billing records are partners, associates, law clerks, or paralegals, one cannot even derive Club Car's proposed hourly rates or determine whether any work done was reasonably performed by a person of the appropriate level of skill and experience. *See* Dkt. No. 52-5, Exhibit 4 to the Second Declaration of Thomas S. Reynolds II ("Second Reynolds Decl.").

***Hours Reasonably Expended.*** Club Car, as the fee applicant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. This is because "*Hensley* teaches that 'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed." *Id.* at 1301. The "district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Id.*

Here, Club Car's redacted billing records are so hopelessly vague and ambiguous that it is impossible for E-Z-GO or this Court to determine what work was done, whether the claimed hours are "excessive, redundant[5], or otherwise unnecessary," whether a particular billing entry

---

[5] For example, the following is the approximate number of times a certain term appears in Club Car's billing records: "prepare" or "preparation" (175 times); "conference, "confer," or "teleconference" (121 times); "correspond" or "correspondence" (80 times) "review" (76 times); "research" or "researching" (46 times); "meet" or "meetings" (34 times); "analyze" (20 times); and "status check" or "check status" 19 times. Because of the redactions, it is impossible to

8

even relates to this case or the reexamination, or whether or not it was erroneously recorded.[6]

This is evident from the following example of the entries on the first page of Club Car's billing records, which are representative of all 95 pages of Club Car's billing entries:



Dkt. No. 52-5, Exhibit 4 to the Second Reynolds Decl. at 1. Nevertheless, what is clear from Club Car's billing records is that even if they were not redacted, Club Car's counsel's practice of

---

determine whether any of the work to prepare, review, analyze, correspond, etc. is redundant and not recoverable.

[6] Club Car's claimed disbursements also generally suffer from the same vagueness and ambiguity, either because of redactions or because they are not sufficiently descriptive. Moreover, no invoices or other supporting evidence in support of Club Car's disbursements was submitted. Therefore, one cannot know on what date any expense was incurred or whether any invoice was paid to determine whether it is compensable.

"block billing" (grouping multiple activities under a single time entry) prevents this Court and E-Z-GO from analyzing the reasonableness of Club Car's hours and thus further counsels in a reduction of hours. *See, e.g.*, *Case v. Unified School District No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("a district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time").

The redacted billing entries are especially problematic here because Club Car claims attorneys' fees after December 7, 2009 in connection with the reexamination proceedings, as well as in connection with the litigation. *See* Club Car Reply Br. at 9. In support of its claim to also recover fees associated with the reexamination, Club Car cites a single 22 year old case from the Eastern District of Pennsylvania that itself cites to no authority for its award of attorneys fees for reexamination proceedings. *See id.* This Court should reject Club Car's invitation to follow this lone case. *See* E-Z-GO Response Br. at 19.

As discussed above and in greater detail in its Response, Club Car is not entitled to recover attorneys' fees.[7] Further, to the extent that Club Car is awarded any portion of its attorneys' fees, the Court should reduce the number of hours claimed based on its inability to ascertain the nature of the services provided. *See Hepsen v. J.C. Christensen & Assocs., Inc.* 394 Fed. Appx. 597, 601 (2010) (affirming reduction of number of hours claimed by 50% because "'the number of hours billed vastly exceeds what was necessary to prosecute Plaintiff's claims

---

[7] Club Car also argues that E-Z-GO's assertion that the case was close is irrelevant and incorrect. *See* Club Car Reply Br. at 7. Club Car is wrong on both counts. If the Court finds that this case is exceptional under Section 285, one of the factors that this Court should consider in exercising its discretion to not award attorneys' fees is the "closeness of the case." *See* E-Z-GO Response Br. at 8, 17-18 (citing, in particular, *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 600 (D. Del. 2006)).

and it appears that at least half of Plaintiff's counsel's time entries lack sufficient detail to enable the court to determine the nature of the service provided'" ).

## III. CONCLUSION

For all of the foregoing reasons and for all of the reasons in E-Z-GO's Response to Club Car's Motion, E-Z-GO respectfully requests that the Court lift the stay and dismiss the case with prejudice as to claims 32-38 of the asserted patent and otherwise deny Club Car's motion to declare this case exceptional and for an award of its reasonable attorneys' fees.

Dated: May 21, 2012                                          FULCHER HAGLER LLP


By: s/Sonja R. Tate_____
Sonja R. Tate (GA Bar No. 698840)
Michael N. Loebl (GA Bar No. 455709)
One 10th Street, Suite 700
Augusta, Georgia 30901
Tel:  (706) 724-0171

*Attorneys for Plaintiffs*
*E-Z-GO (a division of Textron Inc.) and*
*Textron Innovations Inc.*

*Of Counsel:*

Robert M. Isackson
Nicholas H. Lam
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, New York 10019
Tel:  (212) 506-5000