IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
E-Z-GO (a division of TEXTRON    *
INC.) and TEXTRON INNOVATIONS    *
INC.,                            *
                                 *
          Plaintiffs,            *
                                 *
     v.                          *      CV 109-119
                                 *
CLUB CAR, INC.,                  *
                                 *
          Defendant.             *
```

**O R D E R**

Presently pending before the Court are the following motions filed by Defendant Club Car, Inc.: (1) motion to lift the stay of litigation, (2) motion to dismiss with prejudice Plaintiffs' complaint, (3) motion for attorney fees,[1] and (4) request for oral argument on the above motions (doc. no. 49). Upon due consideration and for the reasons set forth below, Defendant's motion to lift the stay of litigation is **GRANTED**, Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**, and Defendant's request for oral argument is **GRANTED IN PART.** The Court declines to consider Defendant's motion for attorney fees until after oral argument.

---

[1] Defendant's motions to lift the stay of litigation, to dismiss with prejudice, and for attorney fees are filed together as docket number 48.

## I. BACKGROUND

Plaintiffs commenced this action on October 1, 2009, alleging that Defendant Club Car, Inc. ("Club Car" or "Defendant") infringed a Textron Innovations, Inc. ("Textron") patent.[2] Plaintiffs aver that Defendant has been "making, using, selling, and offering for sale . . . products having a drive system for a vehicle, including (but not limited to) the Club Car Carryall 2 LSV and Carryall 6 LSV, that infringe directly and/or indirectly one or more claims of the Clark '881 Patent." (Compl. ¶ 12.) On December 7, 2009, Defendant answered the complaint and asserted a counterclaim against Plaintiffs, asking the Court to declare the patent-in-suit invalid. Additionally, on this date, Defendant filed an *inter partes* Request for Reexamination with the U.S. Patent and Trademark Office ("Patent Office"). (Thomas S. Reynolds II Decl. ¶ 3 and Ex. A.) Defendant also filed a motion to stay the litigation pending the reexamination of the patent-in-suit by the Patent Office. Plaintiffs answered Defendant's counterclaim on December 15, 2009. On January 12, 2010, the Court issued an Order staying all proceedings in the case pending disposition of the Patent Office's reexamination of the patent-in-suit. Accordingly, the case was closed for statistical purposes.

On January 14, 2010, the Patent Office granted Defendant's request for reexamination. (Doc. no. 40, Ex. A.) On January

---

[2] Plaintiffs allege that Defendant infringed Textron's U.S. Patent No. 7,332,881, entitled "AC Drive System for Electrically Operated Vehicle." (Compl. ¶¶ 10-15.) This patent was legally issued to Textron on February 19, 2008. (Compl. Ex. 2, at 1.)

2

20, 2010, Plaintiffs filed a motion for reconsideration of the Court's Order granting Defendant's motion to stay. The Court denied Plaintiffs' motion for reconsideration on January 26, 2010. On April 30, 2010, the Patent Office issued an Action Closing Prosecution, rejecting claims 32 through 38 of the patent-in-issue. (Reynolds Aff., Ex. 2, at 1.) In response, Plaintiffs filed a Notice of Appeal on September 9, 2010. (Id.) On April 28, 2011, the Board of Patent Appeals and Interferences ("BPAI") affirmed the examiner's rejection of claims 32 through 38. (Id. at 2.) On June 28, 2011, Plaintiffs appealed the BPAI's decision to the Federal Circuit. (Id.) On August 26, 2011, Textron withdrew its appeal. (Id.) In the case at bar, Defendant filed the instant motions in April 2012. The matters have now been fully briefed and are ripe for consideration.

## II. DISCUSSION

With multiple motions pending, the first issue before the Court is decisional sequencing. Because resolution of the motion to lift the stay of litigation could render all other pending motions moot, the Court will begin its discussion accordingly.

### A. Motion to Lift the Stay of Litigation

In the previous Order granting Defendant's motion to stay, the Court stated that it "shall retain jurisdiction, and either party may re-open the case by motion at the appropriate time. . . ." (Doc. no. 35.) The Court's purpose for staying the

litigation was, among others, to allow the reexamination process to simplify the issues before the Court. Both parties agree that the reexamination process has concluded. Plaintiffs do not oppose the motion. The motion to lift the stay of litigation is thus **GRANTED**.

### B. Motion to Dismiss

Defendant also moves the Court to dismiss Plaintiffs' complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response to Defendant's motion to dismiss, Plaintiffs "join[] in Club Car's request to lift the stay and dismiss the action with prejudice, something that it sought to do in August 2011." (Doc. no. 50, at 6.) The Court finds the language of counsel to be a stipulation of dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Accordingly, Plaintiffs' complaint is hereby **DISMISSED WITH PREJUDICE**.[3]

---

[3] The Court's decision to construe the parties' language as a stipulation of dismissal under Rule 41(a)(1)(A)(ii) will not affect the ability of Defendant to recover reasonable attorney fees pursuant to 35 U.S.C. § 285. See, e.g., Imagineering, Inc. v. Van Klassens, Inc., 53 F.3d 1260, 1263 (Fed. Cir. 1995) (noting that a claim arising under patent law, namely the defendant's claim for § 285 attorney fees, remained in the case despite the plaintiff's decision to drop its design patent infringement claim and admit its invalidity); see also Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1501-02 (noting that a Rule 41(a) stipulation of dismissal with prejudice satisfies the requirement that there be a final judgment on the merits because it bars a later suit on the same cause of action); Highway Equip. Co. v. FECO, Ltd., No. C03-0076, 2005 U.S. Dist. LEXIS 17313, at *14 (N.D. Iowa Apr. 22, 2005) (concluding the plaintiff was a prevailing party for purposes of considering its request for attorney fees and costs under § 285 after the court granted the plaintiff's stipulation of dismissal with prejudice); cf. RFR Indus. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007) (disallowing attorney fees under § 285 for a voluntary dismissal *without* prejudice because such dismissal does not constitute a change in the legal relationship of the parties since the plaintiff is free to refile its action). The Court also notes that the only other alternative to construing

4

## C. Request for Oral Argument

The last issue remaining before the Court is Defendant's motion, pursuant to Local Rule 7.2 for the Southern District of Georgia, for oral argument on its outstanding motions. Local Rule 7.2 states that motions shall generally be determined upon the motion and its supporting documents. However, the Local Rule does allow, at the District Judge's discretion, oral argument upon written request of either party. Loc. R. 7.2, S.D. Ga. Here, the Court finds such oral argument to be necessary only for the disposition of Defendant's motion for attorney fees. Defendant's motion (doc. no. 49) is thus **GRANTED IN PART**.

Upon the foregoing, Defendant's filing under docket number 48 is **GRANTED IN PART**. Specifically, Defendant's motion to lift the stay of litigation is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITH PREJDUICE**. Defendant's request for oral argument (doc. no. 49) is **GRANTED IN PART**. The Court declines to address the motion for attorney fees until after oral argument. The Court will conduct a hearing solely on Defendant's motion for

---

the parties' language as a stipulation of dismissal with prejudice would be to convert Defendant's motion to dismiss to a motion for summary judgment pursuant to Rules 12(d) and 56 of the Federal Rules of Civil Procedure. See Cima Labs, Inc. v. Actavis Group HF, No. 07-893 (DRD), No. 06-1970 (DRD), 2007 U.S. Dist. LEXIS 41516, at *11-12 (D.N.J. June 7, 2007) (noting that a response to the Patent Office that is not explicitly relied upon in the plaintiff's complaint may not be considered without converting the motion to dismiss to a motion for summary judgment). But here, considering the unopposed status of Defendant's motion to dismiss and the obvious lack of effort expended to argue the motion, the Court finds that alternative to be unnecessary and inefficient.

5

attorney fees on the 27th day of November, 2012, at 10:00 a.m. in Courtroom 2, United States Courthouse, Augusta, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of November, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA