# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

E-Z-GO (a division of TEXTRON    *
INC.) and TEXTRON INNOVATIONS    *
INC.,                            *
                                 *
            Plaintiffs,          *
                                 *
      v.                         *      CV 109-119
                                 *
CLUB CAR, INC.,                  *
                                 *
            Defendant.           *

# O R D E R

Presently pending before the Court is Defendant Club Car, Inc.'s ("Club Car" or "Defendant") motion for attorney's fees. (Doc. no. 48.) Upon due consideration and for the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

The following facts are gleaned from both the record and the oral argument which took place in Augusta, Georgia, on November 27, 2012. Plaintiffs commenced this action on October 1, 2009, alleging that Defendant infringed a Textron Innovations, Inc.[1] patent entitled "AC Drive System for Electrically Operated Vehicle." (Compl. ¶¶ 10-15.) Plaintiffs averred that Defendant had been "making, using, selling, and

---

[1] To simplify this Order the Court will now refer to Plaintiff E-Z-GO and Plaintiff Textron Innovations, Inc. collectively as "Plaintiffs."

offering for sale . . . products having a drive system for a vehicle, including (but not limited to) the Club Car Carryall 2 LSV and Carryall 6 LSV, that infringe directly and/or indirectly one or more claims of the Clark '881 Patent." (Compl. ¶ 12.) On November 19, 2009, the parties filed a joint motion requesting that Defendant's deadline to answer Plaintiffs' complaint be extended to allow the parties to meet and discuss the lawsuit. On November 23, 2009, by agreement of the parties, Defendant provided Plaintiffs with a draft of a request for an *inter partes* reexamination of the patent-in-issue that Defendant intended to file with the U.S. Patent and Trademark Office ("PTO") if the parties failed to reach a mutual resolution at a meeting scheduled for December 7, 2009. At the December 7, 2009, meeting, Defendant provided seven prior art references that it believed invalidated the patent claims being asserted by Plaintiffs. One of the art references included in the draft of the request for reexamination was Plaintiffs' own owner's manual. Defendant explained its interpretation of the significance of the prior art to Plaintiffs, including its belief that the prior art would invalidate the patent-in-issue. Plaintiffs disagreed with Defendant's interpretation and decided to maintain the lawsuit. No resolution was reached at the meeting.

On that same date, Defendant answered the complaint and asserted a counterclaim against Plaintiffs, asking the Court to declare the patent-in-suit invalid. Additionally, on this date,

2

Defendant filed the *inter partes* request for reexamination with the PTO. (Thomas S. Reynolds II Decl. Ex. A.) Defendant also filed a motion to stay the litigation pending the reexamination of the patent-in-suit by the PTO. Plaintiffs answered Defendant's counterclaim on December 15, 2009. On January 12, 2010, the Court stayed all proceedings in the case pending disposition of the PTO's reexamination of the patent-in-suit and closed the case for statistical purposes. On January 14, 2010, the PTO granted Defendant's request for reexamination. (Doc. no. 40, Ex. A.) Even though the PTO granted Defendant's request, Plaintiffs filed a motion for reconsideration of the Court's stay primarily because they thought the reexamination process would have a longer duration than the litigation. The Court denied Plaintiffs' motion for reconsideration on January 26, 2010.

On April 30, 2010, the PTO issued an Action Closing Prosecution, rejecting claims 32 through 38 of the patent-in-issue. (Reynolds Aff., Ex. 2, at 1.) In response, Plaintiffs filed a Notice of Appeal on September 9, 2010. (Id.) On April 28, 2011, the Board of Patent Appeals and Interferences ("BPAI") affirmed the Examiner's rejection of claims 32 through 38. (Id. at 2.) On June 28, 2011, Plaintiffs appealed the BPAI's decision to the Federal Circuit. (Id.) On August 26, 2011, Plaintiffs withdrew the appeal. (Id.) By Order dated November 20, 2012, this Court lifted the stay of litigation, granted Defendant's motion to dismiss with prejudice after construing

3

the parties' briefs to be a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and granted Defendant's motion for oral argument solely on the issue of attorney's fees. Defendant's motion for attorney's fees was taken under advisement until after oral argument. Oral argument was held on November 27, 2012, and the motion is now ripe for consideration.

## II. DISCUSSION

Defendant is seeking attorney's fees pursuant to 35 U.S.C. § 285, which states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Both parties agree that Defendant possesses the prevailing party status as required by § 285. Thus, the dispositive inquiry is whether the case is exceptional. Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1366-67 (Fed. Cir. 2007). If the Court concludes that the case is exceptional, it must then use its discretion to determine the proper amount of fees to award the prevailing party to compensate it for having to defend itself in the exceptional case. S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986).

To determine whether a case is "exceptional" under § 285, the Federal Circuit[2] has adopted a two-pronged approach. A case may be deemed exceptional under the first prong if "there has

---

[2] "[T]he awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law" and is thus subject to Federal Circuit law. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001).

4

been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Federal Rule of Civil Procedure] 11, or like infractions." Brooks Furniture Mfg. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). The second prong is only applicable absent misconduct during litigation or in securing the patent and allows sanctions to be "imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Id. The Court must recognize a presumption that the assertion of infringement of a duly granted patent is made in good faith. Golan v. Pingel Enter., 310 F.3d 1360, 1371 (Fed. Cir. 2002); Springs Window Fashions LP v. Novo Indus., L.P., 323 F.3d 989, 999 (Fed. Cir. 2003). Because of this assumption, the movant must prove by clear and convincing evidence that the case should be characterized as "exceptional." Brooks Furniture, 393 F.3d at 1382. Here, Defendant fails to prove the case is exceptional under either prong.

### A. First Prong: Material Inappropriate Conduct

Defendant fails to prove by clear and convincing evidence that Plaintiffs engaged in material inappropriate conduct.

*1. Unjustified or Baseless Litigation*

Defendant first argues that Plaintiffs' claims were unjustified and baseless. "If there is clear and convincing

5

evidence that a plaintiff has brought a baseless or frivolous suit against an accused infringer, that is a sufficient basis to require a district court to deem the case exceptional under § 285." Digeo, 505 F.3d at 1367. "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless." Haynes Int'l v. Jessop Steel Co., 8 F.3d 1573, 1579 (Fed. Cir. 1993). A case may be deemed exceptional if a patentee intentionally, recklessly, or with gross negligence files and prosecutes a baseless infringement action. Sentex Sys. v. Elite Access Sys., 2000 U.S. App. LEXIS 13560, at *7 (Fed. Cir. June 9, 2000).

Defendant alleges that Plaintiffs "brought the lawsuit in the face of clear evidence that the asserted claims were invalid." (Doc. no. 48-1, at 8.) To bolster its allegation, Defendant points out that it provided Plaintiffs with prior art references that completely invalidated the asserted patent claims, including its own manual, but they pressed on with litigation. According to Defendant, the complete invalidation of the patent claims by the Examiner during the reexamination process is strong evidence that the litigation was unjustified and baseless. On the other hand, Plaintiffs maintain that they analyzed the proffered art but simply disagreed with Defendant's contention that it was invalidating.

The underlying facts and arguments of both parties here bear a strong resemblance to the facts and arguments asserted in Sentex Systems, 2000 U.S. App. LEXIS 13560. There, Sentex owned

6

a patent relating to telephone entry systems with electronically displayed directories. Sentex sued, alleging infringement of several claims of the patent. The defendants then offered Sentex's own articles[3] to show the prior art invalidated the patent. Sentex disagreed and continued the litigation. The district court held that the claims were invalid and concluded that the case was exceptional because it was unjustified litigation. However, on appeal, the Federal Circuit reversed the district court's determination that the case was exceptional. Id. at *11. Important to the Court's reasoning was the fact that the defendants' disclosure of the prior art was merely unsupported advocacy of counsel and was not a determination that the patent was invalid. Id. at *9. Indeed, patents are presumed to be valid. See 35 U.S.C. § 282; McNeil-PPC, Inc. v. L. Perrigo Co., 337 F.3d 1362, 1372 (Fed. Cir. 2003) ("A patent owner has the right to exclude others from making, using, and selling the invention and to enforce those rights until its patents are held invalid or expire.") (internal quotations omitted).

Similar to the plaintiff in Sentex Systems who disagreed with the defendants as to the effect of the prior art, Plaintiffs here considered Defendant's contention and simply disagreed that the proffered prior art was invalidating. The choice to continue to litigate in that context does not give

---

[3] In Sentex Systems, the district court did not make a finding as to whether Sentex was actually the source of the articles. However, Sentex eventually conceded that it appeared to be the source of the articles.

7

rise to the conclusion that the litigation was unjustified and that the case was exceptional. Like the plaintiff in <u>Sentex Systems</u>, Plaintiffs here did nothing but vigorously defend its patent. The Court will not hold Plaintiffs liable for vigorously enforcing a presumptively valid patent. <u>See</u> <u>McNeil-PPC</u>, 337 F.3d at 1373.

Nor is the ensuing invalidation of the patent claims by the Examiner dispositive, because a defendant must show more than the plaintiff losing on the merits.[4] <u>Sentex</u>, 2000 U.S. App. LEXIS 13560, at *11. At best, Defendant can show that Plaintiffs were negligent (or unwise) in bringing or continuing the litigation after examining the proffered prior art. But a showing of negligence (or imprudence in bringing the lawsuit) is not enough for the Court to conclude the litigation was unjustified. <u>See</u> <u>Sentex</u>, 2000 U.S. App. LEXIS 13560, at *7. Furthermore, the facts show that immediately after the claims were found unpatentable and Plaintiffs decided to withdraw their appeal, they sought to dismiss the case with prejudice by asking Defendant to enter into a stipulation. (Tate Decl. ¶¶ 2, 3.) This behavior belies a conclusion that the litigation was unjustified. <u>Cf.</u> <u>Wedgetail, Ltd. v. Huddleston Deluxe, Inc.</u>,

---

[4] A party asserting invalidity in court must prove the facts establishing invalidity of each claim by clear and convincing evidence. 35 U.S.C. § 282. However, in a reexamination proceeding before the PTO, there is no presumption of validity, and the standard of proof is a preponderance of the evidence to show nonpatentability. <u>Ethicon, Inc. v. Quigg</u>, 849 F.2d 1422, 1427 (Fed. Cir. 1988). Thus, if a showing that Plaintiffs lost on the merits in a court with a clear and convincing standard of proof is not enough for a finding of baseless litigation, then, <i>a fortiori</i>, it is not enough to merely show an Examiner invalidated patent claims under a preponderance of the evidence standard of proof.

8

576 F.3d 1302, 1306-07 (Fed. Cir. 2009) ("The record on appeal presents neither any apparent misconduct nor any judicial findings of misconduct on Wedgetail's part. To the contrary, the record reflects that Wedgetail immediately sought dismissal of its infringement claims upon determining that it could not prevail under the district court's claim construction.").

Defendant next argues that Plaintiffs' motion for reconsideration of the Court's stay was also unjustified litigation. Plaintiffs filed the motion after the PTO granted the request for reexamination. According to Defendant, the filing was unnecessary because the PTO's decision to reexamine the patent mooted Plaintiffs' rationale for asking the Court to stay the litigation.[5] While it is true that the PTO's reexamination mooted part of Plaintiffs' rationale in its motion to stay the litigation, it did not moot it in its entirety. For example, Plaintiffs estimated that the reexamination proceeding could have a duration of up to six years while the entire litigation process (including possible appeals) should have a maximum duration of two years. Their litigation strategy preferring the route with the shortest duration thus favored litigation. Furthermore, Plaintiffs believed the Court made an error interpreting 35 U.S.C. § 317(b). These proffered reasons for the motion for reconsideration negate any finding of bad faith or unjustified litigation.

---

[5] A large portion of Plaintiffs' argument asking the Court to stay the litigation was based on the fact that the PTO had yet to grant the parties' request for reexamination.

### 2. Inequitable Conduct in Procuring the Patent

Defendant contends that Plaintiffs' failure to cite their own manual in the prosecution of the patent is inequitable conduct that should give rise to the conclusion that the case is exceptional. The Court must determine "whether the withheld reference meets a threshold level of materiality and whether the evidence shows a threshold level of intent to mislead the PTO." Sentex, 2000 U.S. App. LEXIS 13560, at *4-5. Neither party has disputed the materiality of Plaintiffs' own manual. However, "[i]ntent to deceive cannot be inferred solely from the fact that the information was not disclosed; there must be a factual basis for a finding of deceptive intent." Id. at *5. Even though it is peculiar, at first glance, that Plaintiffs failed to cite their own manual while prosecuting the patent, there is simply no evidence showing Plaintiffs' intent to deceive the PTO. In fact, the patent-in-issue contains three pages listing patent references cited. (Compl. Ex. 1.) According to Plaintiffs, the manual was largely cumulative and they did not believe they had a duty to disclose it. Thus, while Plaintiffs' explanation for the omission is weak, Defendant has not shown the Court that Plaintiffs' conduct was inequitable.

### 3. Misconduct during the Litigation

Lastly, Defendant argues that Plaintiffs engaged in misconduct during the litigation. Defendant's argument stems from Plaintiffs' mischaracterization of the meaning of 35 U.S.C. § 318 in its brief in opposition to Defendant's motion to stay

the litigation pending the reexamination of the patent-in-suit by the PTO. In their brief, Plaintiffs cited 35 U.S.C. § 318 and incorrectly asserted that it precluded the Court from granting a motion to stay until after the PTO granted the request for reexamination. Defendant's argument is thus not without merit. Indeed, the Court is deeply concerned that Plaintiffs, whether inadvertently or not, both misquoted the statute and erred in applying it to the factual situation of this case. Plaintiffs apologized and admitted their mistake. Plaintiffs also point to Heinz Kettler GMBH & Co. v. Indian Indus., 592 F. Supp. 2d 880 (E.D. Va. 2009), to illustrate that their mischaracterization is not utterly devoid of legal basis. Even though the case is merely persuasive authority, the Heinz Kettler court stated:

> The plain language of 35 U.S.C. § 318 renders Escalade's motion premature. That section indicates that a stay may be obtained once an order for reexamination has been issued, and does not seem to contemplate that a stay is appropriate before reexamination has been ordered. Because Escalade's request for reexamination is still pending, a stay is premature. Put simply, at this juncture, a stay of this litigation is inappropriate. Should the PTO grant Escalade's request for reexamination, defendant may again request a stay of this case pending the conclusion of those proceedings.

Id. at 882. In light of Plaintiffs' reliance on the case law on the topic, the Court concludes that this one instance of mischaracterization, while troubling, is not enough to render the case exceptional.

In conclusion, Defendant has failed to meet their burden of showing, by clear and convincing evidence, that Plaintiffs' engaged in material inappropriate conduct.

## B. Second Prong: Objectively Baseless Litigation Brought in Subjective Bad Faith

Having concluded there was no misconduct during the litigation or in securing the patent, the Court will now proceed under the second prong. As noted above, the Court may impose sanctions under this prong against the patentee only if both (1) the litigation is objectively baseless, and (2) the litigation is brought in subjective bad faith. Brooks Furniture, 393 F.3d at 1381. In other words, the plaintiffs' case must have no objective foundation, and the plaintiffs must actually know this. iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011).

### 1. Objective Baselessness

Defendant fails to show that the litigation was objectively baseless. For objective baselessness to exist, the asserted infringement argument must be so unreasonable that no reasonable litigant could believe it would succeed. iLOR, 631 F.3d at 1378. "The existence of objective baselessness is to be determined based on the record ultimately made in the infringement proceedings." Id. To establish objective baselessness, Defendant again rehashes its argument regarding the proffering of prior art. Defendant points to the Examiner's conclusion that four prior art references, each of which were

provided to Plaintiffs on December 7, 2009, anticipated the claims at issue. It follows, according to Defendant, that Plaintiffs' need to amend each of the claims to prevent the prior art from anticipating them shows they were objectively baseless. But again, the Examiner's finding of unpatentability was not based on clear and convincing evidence but instead was based on a preponderance of the evidence.[6] To counter Defendant's arguments, Plaintiffs offer five reasons why a reasonable litigant could have expected to succeed when Defendant filed its request for reexamination after litigation had commenced. First, the PTO could have declined to grant Defendant's request. Second, this Court could have denied Defendant's motion to stay. Third, even if neither of the above occurred, the PTO could have found the cited prior art did not render the claims unpatentable. Fourth, even if the asserted claims were rejected by the Examiner, the Examiner could have found the amended claims were patentable. Fifth, the Federal Circuit could have reversed the BPAI's decision. Indeed, "infringement is often difficult to determine, and a patentee's ultimate incorrect view of how a court will find does not of itself establish bad faith." Brooks Furniture, 393 F.3d at 1384. Simply put, there is not enough evidence in the record

---

[6] See footnote four and its accompanying text.

for the Court to conclude the litigation brought was objectively baseless.[7]

### 2. *Subjective Bad Faith*

"Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." iLOR, 631 F.3d at 1376. Because Defendant failed to meet its burden in showing the litigation was objectively baseless, the Court need not address whether it was brought in subjective bad faith.

## III. CONCLUSION

The Federal Circuit has noted that "only a limited universe of circumstances warrant a finding of exceptionality in a patent case." Wedgetail, 576 F.3d at 1304. This is because an award of attorney's fees under § 285 is only to be awarded as necessary to prevent gross injustice. Forest Labs, Inc. v. Abbott Labs, 339 F.3d 1324, 1329 (Fed. Cir. 2003). In light of the Federal Circuit's guidelines and for the reasons discussed above, the Court does not find this case to be exceptional under 35 U.S.C.

---

[7] The Court finds W.L. Gore & Associates, Inc. v. Oak Materials Group, Inc., 424 F. Supp. 700 (D. Del. 1976), even though only persuasive authority, to be instructive. In that case, the court noted the inherent difficulty of awarding attorney's fees before a record has been fully developed. Id. at 702-03. ("Ordinarily a request for attorneys' fees under § 285 is made after a trial on the merits, thus allowing the court to dispose of the request on the basis of a full record. The court is not precluded from awarding fees in its discretion, at the time it finds appropriate, but it is necessarily more difficult for the court to exercise its discretion prior to trial, when the evidentiary record is far less complete . . . . Neither will the Court award fees solely on the basis of assertions and opinions by both parties, unsupported by facts in the record . . . . Where a case is dismissed prior to trial, an extremely heavy burden is placed on the moving party to establish entitlement to attorneys' fees, in light of the extraordinary nature of the relief.").

§ 285. Defendant's motion for attorney's fees is **DENIED**. The Clerk is directed to **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of December, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA